■ BETTY COCOMELLO, Individually and as Parent and Natural Guardian of IRIS PIZARRO, an Infant, Respondent, v COLUMBIA PRESBYTERIAN MEDICAL CENTER et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County (Alfred M. Ascione, J.), entered February 4, 1985, which, in a medical malpractice action, denied the motions of the defendants-appellants, Dr. Louis Criscione and the Family Physician Centre, and defendants-cross-appellants for summary judgment dismissing the complaint, modified, on the law, to grant the motion of Dr. Louis Criscione and the Family Physician Centre for summary judgment dismissing the complaint, and otherwise affirmed, without costs.

In this medical malpractice action brought on behalf of the infant plaintiff by her mother to recover damages allegedly resulting from failure of the several defendants to timely diagnose that plaintiff was suffering from appendicitis and related conditions, several of the defendants appeal from a denial of their motions for summary judgment dismissing the complaint.

As to the defendants Dr. Louis Criscione and the Family Physician Centre (a partnership in which he practices medicine with other doctors), the undisputed facts disclose no basis for legal liability. The plaintiff's mother brought the infant to Dr. Criscione for examination. It is clear that after he examined her Dr. Criscione recommended to the mother that the child be brought to a physician whom the defendant believed better qualified to treat her. Plaintiff's mother, in fact, brought the child to the doctor recommended, Dr. Greenstein, who thereafter treated the child over a period of time.

It is true that the plaintiff's mother alleges that Dr. Criscione said that the child was all right, a statement disputed by Dr. Criscione and inconsistent with his recommendation that

the child be taken to another physician, but such an allegation might conceivably have given rise to a factual issue only if there was some reason to believe that it resulted in a delay in the child's treatment by another physician. The record is clear that the mother brought the infant to the doctor recommended by Dr. Criscione within a short time after the recommendation was made, and there appears to be no claim that the statement attributed to the defendant doctor by the infant plaintiff's mother in any way delayed the child's treatment or contributed to the damages alleged to have resulted thereafter.

As to the cross appellants, their moving papers were wholly insufficient to make a "prima facie showing of entitlement to judgment as a matter of law" *(Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853). Concur—Sandler, J. P., Lynch, Ellerin and Wallach, JJ.