■ HELEN BLOOM, as Executrix of REBECCA BLOOM, Deceased, Respondent, v CITY OF NEW YORK et al., Defendants, and SEYMOUR GLASSER et al., Appellants. [609 NYS2d 45] —In an action to recover damages for medical malpractice and wrongful death, the defendants Seymour Glasser and the Flatbush Medical Group appeal from a judgment of the Supreme Court, Kings County (Pizzuto, J.), entered November 22, 1991, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $250,000, representing $150,000 for wrongful death and $100,000 for pain and suffering.

Ordered that judgment is modified, on the law, by deleting from the first decretal paragraph the provision which awarded interest in the amount of $110,350; as so modified, the judgment is affirmed, with costs to the respondent, and the matter is remitted to the Supreme Court, Kings County, for a recalculation of interest to be applied to the award.

"The requisite elements of proof in a medical malpractice [action] are (1) a deviation or departure from accepted practice, and (2) evidence that such departure was a proximate cause of injury or damage" *(Amsler v Verrilli,* 119 AD2d 786). Contrary to the appellants' contentions, we find that the verdict finding liability was supported by the evidence presented to the jury.

However, we agree that there has been a miscalculation of the interest awarded. Not all of the interest awarded on the wrongful death cause of action should have been calculated from the date of death *(see, Milbrandt v Green Refractories Co.,* 79 NY2d 26).

The appellants' remaining contentions are without merit. Balletta, J. P., O'Brien, Ritter and Florio, JJ., concur.