■ DENISE TOLEDO, Respondent, v CRAIG B. ORDWAY, Appellant. [616 NYS2d 1006] —In a medical malpractice action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Burke, J.), dated September 4, 1992, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's motion for summary judgment is granted and the complaint is dismissed.

This medical malpractice action arises out of the defendant physician's alleged negligence during the May 10, 1982 surgery on, and subsequent treatment of, the plaintiff's injured leg. In connection with his motion for summary judgment, the defendant submitted an expert orthopedist's affidavit providing detailed and specific information about the pertinent acts of malpractice allegedly committed by the defendant. In each case, the expert concluded that the defendant had not been negligent and that his treatment of the plaintiff had been "in accord with good and accepted orthopedic practice".

To rebut the defendant's prima facie showing of entitlement to summary judgment, the plaintiff submitted affidavits from her medical expert. The record shows that these affidavits were merely conclusory in nature. Consequently, the plaintiff failed to adduce proof sufficient to defeat the defendant's motion.

In a medical malpractice action, a plaintiff, in opposition to

a defendant physician's summary judgment motion, must submit evidentiary facts or materials to rebut the prima facie showing by the defendant that he was not negligent in treating the plaintiff so as to demonstrate the existence of a triable issue of fact (see, *Alvarez v Prospect Hosp.*, 68 NY2d 320; *Fileccia v Massapequa Gen. Hosp.*, 63 NY2d 639; *Neuman v Greenstein*, 99 AD2d 1018). General allegations of medical malpractice, merely conclusory and unsupported by competent evidence tending to establish the essential elements of the claim, as were offered by the plaintiff's expert in this case, are insufficient to defeat a defendant physician's entitlement to summary judgment (see, *Alvarez v Prospect Hosp., supra,* at 325; *Fileccia v Massapequa Gen. Hosp., supra*).

We have examined plaintiff's other contentions and find them to be without merit.

Finally, in view of our determination to grant the motion for summary judgment on these grounds, we need not reach the defendant's remaining contentions. Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.