■ LANCE C. KRAMER, Respondent, v JEROME ROSENTHAL, Appellant, et al., Defendants. [637 NYS2d 772] —In an action to recover damages for medical malpractice, the defendant Jerome Rosenthal appeals from an order of the Supreme Court, Queens County (Dye, J.), dated April 11, 1995, which denied his motion for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the order is reversed on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the defendant Jerome Rosenthal, and the action against the remaining defendants is severed.

In a medical malpractice action, a plaintiff, in opposition to a motion of a defendant physician for summary judgment, must submit evidentiary facts or materials to rebut a prima facie showing by the defendant that he was not negligent in treating the plaintiff so as to demonstrate the existence of a triable issue of fact *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Fileccia v Massapequa Gen. Hosp.,* 63 NY2d 639; *Toledo v Ordway,* 208 AD2d 518). General allegations of medical malpractice, merely conclusory in nature and unsupported by competent evidence tending to establish the essential elements of the claim, are insufficient to defeat a defendant physician's entitlement to summary judgment *(see, Alvarez v Prosepct Hosp., supra; Toledo v Ordway, supra).* The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted practice and evidence that such departure was a proximate cause of injury or damage *(see, Bloom v City of New York,* 202 AD2d 465).

The affidavit submitted by the appellant in support of his motion for summary judgment established a prima facie case that his treatment of the plaintiff was not negligent. In his affirmation in opposition to the motion, the plaintiff's medical expert failed to confirm the existence of the plaintiff's alleged symptoms or that he had sustained damage or injury. The medical evidence submitted by the plaintiff therefore was insufficient to defeat the appellant's entitlement to summary judgment. Mangano, P. J., Thompson, Friedmann and Florio, JJ., concur.