■ MARY BETH CAHILL et al., Respondents, v COUNTY OF WESTCHESTER et al., Appellants. [641 NYS2d 348] —In an action to recover damages, *inter alia,* for medical malpractice, the defendants appeal from so much of an order of the Supreme Court, Westchester County (Silverman, J.), entered April 7, 1995, as, upon granting their motion for summary judgment dismissing the complaint, did so without prejudice to the plaintiffs' recommencement of the action upon proof that the infant plaintiff suffered compensable injuries.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the dismissal of the action is with prejudice.

The evidence submitted by the defendants in support of their motion for summary judgment established a prima facie case that treatment of the infant plaintiff was not negligent, and that the infant plaintiff did not suffer any injuries. In order to demonstrate the existence of a triable issue of fact, the

plaintiffs were required to submit evidentiary facts or materials to rebut the prima facie showing by the defendants that they were not negligent in treating the infant plaintiff *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Fileccia v Massapequa Gen. Hosp.,* 63 NY2d 639; *Kramer v Rosenthal,* 224 AD2d 392). General allegations of medical malpractice, merely conclusory and unsupported by competent evidence tending to establish the essential elements of the claim, are insufficient to defeat a prima facie showing of entitlement to summary judgment *(see, Alvarez v Prospect Hosp., supra; Kramer v Rosenthal, supra).* The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted practice and evidence that such departure was a proximate cause of injury or damage *(see, Bloom v City of New York,* 202 AD2d 465). In opposition, the plaintiffs failed to rebut the defendants' showing, and therefore, the defendants were entitled to an unconditional award of summary judgment. Mangano, P. J., Thompson, Florio and McGinity, JJ., concur.