■ Laurie Holbrook, Respondent, v United Hospital Medical Center, Defendant, and Mordecai Dicker et al., Appellants. [669 NYS2d 631] —In an action, *inter alia,* to recover damages for medical malpractice, the defendants Mordecai Dicker, Spectrum Emergency Care, Inc., and Cooper Emergency Services of New York, P. C., appeal from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered July 2, 1997, as denied that branch of their motion which was for summary judgment dismissing the action insofar as asserted against the defendant Mordecai Dicker.

Ordered that the appeals by the defendants Spectrum Emergency Care, Inc., and Cooper Emergency Services of New York, P. C., are dismissed, as they are not aggrieved by the portion of the order from which the appeal is taken; and it is further,

Ordered that the order is reversed insofar as appealed from by the appellant Mordecai Dicker, on the law, with costs, that branch of the motion which was for summary judgment dismissing the action insofar as asserted against the defendant Mordecai Dicker is granted, the complaint is dismissed insofar as it is asserted against that defendant, and the action against the remaining defendant, United Hospital Medical Center, is severed.

It is well established that: "In a medical malpractice action, a plaintiff, in opposition to a motion of a defendant physician for summary judgment, must submit evidentiary facts or materials to rebut a prima facie showing by the defendant that

he was not negligent in treating the plaintiff so as to demonstrate the existence of a triable issue of fact (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Fileccia v Massapequa Gen. Hosp.,* 63 NY2d 639; *Toledo v Ordway,* 208 AD2d 518). General allegations of medical malpractice, merely conclusory in nature and unsupported by competent evidence tending to establish the essential elements of the claim, are insufficient to defeat a defendant physician's entitlement to summary judgment (*see, Alvarez v Prospect Hosp., supra; Toledo v Ordway, supra*). The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted practice and evidence that such departure was a proximate cause of injury or damage (*see, Bloom v City of New York,* 202 AD2d 465)" (*Kramer v Rosenthal,* 224 AD2d 392).

The affidavit submitted by the appellant Mordecai Dicker established a prima facie case that his treatment of the plaintiff was not negligent, shifting to the plaintiff the obligation to show by sufficient evidentiary proof the existence of a triable factual issue. The affidavit of the plaintiff's expert merely stated in conclusory terms that, based on the entire medical record, the appellant should have diagnosed the laceration to the plaintiff's tendon when he first saw her in the emergency room of the codefendant United Hospital Medical Center (hereinafter UHMC). However, since the expert failed to state the specific facts upon which he relied in forming his opinion, other than to generally rely upon the entire medical record, and did not allege what tests were improperly performed or interpreted, or not performed at all, the affidavit was insufficient to raise the existence of a triable factual issue (*see, Kramer v Rosenthal, supra*).

The plaintiff's remaining contentions are either without merit or improperly raised for the first time on appeal. Thompson, J. P., Joy, Florio and Luciano, JJ., concur.