■ DONNA DeCURTIS-SLIFKIN et al., Respondents, v STEVEN E. KOLBERT, Appellant. [668 NYS2d 949] —In an action to recover damages for veterinarian malpractice, the defendant appeals (1) from an order of the Supreme Court, Nassau County (DiNoto, J.), entered January 23, 1997, which denied his motion pursuant to CPLR 3212 for summary judgment dismissing the complaint, and (2), as limited by his brief, from so much of an order of the same court, dated April 28, 1997, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order entered January 23, 1997, is dismissed, as that order was superseded by the order dated April 28, 1997, made upon reargument; and it is further,

Ordered that the order dated April 28, 1997, is reversed insofar as appealed from, on the law, the order entered January 23, 1997, is vacated, the defendant's motion for summary judgment is granted, and the complaint is dismissed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiffs' dog Gino was neutered by the defendant veterinarian, Steven Edward Kolbert, in an operation during the afternoon of November 18, 1993. Later that evening, after the plaintiffs brought Gino home, the dog bit the plaintiff Donna DeCurtis-Slifkin, injuring her face. The plaintiffs contend, *inter alia*, that the defendant was negligent because he discharged Gino while the dog was still affected by the anesthesia administered during surgery and that such negligence was the cause of the injury to the plaintiff. The Supreme Court denied the defendant's motion for summary judgment, and we now reverse.

The defendant established his prima facie entitlement to summary judgment based on the affidavit of an expert that the treatment of the plaintiffs' dog was consistent with accepted veterinary practice and that the effects of the anesthesia would have sufficiently dissipated to permit discharge of the dog to his owners. The plaintiffs' conclusory allegations of malpractice, unsupported by competent evidence tending to establish the essential elements of their claim, were insufficient to defeat the defendant's motion (*cf., Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325; *Kramer v Rosenthal*, 224 AD2d 392; *see generally*, Annotation, *Veterinary Malpractice*, 71 ALR4th 811, 821-822; *compare, Matter of Restrepo v State of New York*, 146 Misc 2d 349, *affd* 179 AD2d 804). Accordingly, the defendant's motion for summary judgment should have been granted. Thompson, J. P., Pizzuto, Joy and Altman, JJ., concur.