■ Melissa A. Laribee et al., Respondents, v City of Rome et al., Defendants, and Obstetrical and Gynecological Associates of Rome, M.D., P. C., et al., Appellants. (Appeal No. 1.) [678 NYS2d 565] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly denied that part of the motion of Dr. Herbert Skogland, Dr. Lance Maki and Obstetrical and Gynecological Associates of Rome, M.D., P. C. (defendants) for summary judgment dismissing the failure to warn/lack of informed consent cause of action against them. There are issues of fact whether Skogland and Maki warned plaintiffs of the possibility that the surgery would not be successful and whether the consent form signed by plaintiffs was complete when it was signed or whether a handwritten paragraph was added at later date. The testimony of plaintiffs is sufficient to present issues of fact regarding the risks and benefits of the surgery and whether a reasonably prudent person would not have agreed to the surgery (*cf., Osorio v Brauner*, 242 AD2d 511, 511-512, *lv denied* 91 NY2d 813; *Dooley v Skodnek*, 138 AD2d 102, 106). The court erred, however, in denying that part of the motion of defendants for summary judgment dismissing the medical malpractice cause of action against them. The affidavit of defendants' expert is sufficient to establish defendants' entitlement to judgment as a matter of law (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *Santangelo v Crouse Med. Group*, 209 AD2d 942, *appeal dismissed* 85 NY2d 905). The burden shifted to plaintiffs to submit evidentiary facts or materials to rebut a prima facie showing by defendants that they were not negligent in treating plaintiff Melissa A. Laribee in order to demonstrate the existence of a triable issue of fact (*see, Kramer v Rosenthal*, 224 AD2d 392). Plaintiffs failed to sustain that burden. The affidavit of plaintiffs' expert is conclusory in nature and lacks any details and thus is insufficient to raise the existence of a triable factual issue concerning medical malpractice (*see, O'Shaughnessy v Hines*, 248 AD2d 687; *Holbrook v United Hosp. Med. Ctr.*, 248 AD2d 358; *Kramer v Rosenthal, supra*). Thus, we modify the order by granting in part the motion of defendants for summary judgment and dismissing the medical malpractice cause of action against them. (Appeal from Order of Supreme Court, Oneida County, Shaheen, J.—Summary Judgment.) Present—Denman, P. J., Green, Wisner, Balio and Fallon, JJ.

■ Melissa A. Laribee et al., Appellants, v City of Rome et al., Respondents, et al., Defendants. (Appeal No. 2.) [678

NYS2d 565] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted the motion of City of Rome, Rome Hospital & Murphy Memorial Hospital and Rome Hospital Obstetrical Center (defendants) for summary judgment dismissing the complaint against them. Defendants established that the treating physicians were not their employees and that defendants thus are not vicariously liable (*see, Hill v St. Clare's Hosp.*, 67 NY2d 72, 79). (Appeal from Order of Supreme Court, Oneida County, Shaheen, J.—Summary Judgment.) Present—Denman, P. J., Green, Wisner, Balio and Fallon, JJ.