■ Mavis Sanders, Respondent, v Jamaica Hospital et al., Defendants, and Lawrence J. Marino, Appellant. [719 NYS2d 901] —In an action to recover damages for medical malpractice, the defendant Lawrence J. Marino appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Berke, J.), dated February 17, 2000, as denied that branch of his motion which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against him is granted, and the complaint is dismissed insofar as asserted against the appellant.

This action arises out of the alleged medical malpractice committed by the defendant Jamaica Hospital and the defendant doctors, including the defendant Lawrence J. Marino, in treating Denise Sanders. Marino made a prima facie showing of his entitlement to summary judgment. The evidence, viewed in the light most favorable to the plaintiff (*see, Gonzalez v Metropolitan Life Ins. Co.,* 269 AD2d 495), does not support a conclusion that any alleged malpractice by Marino was a proximate cause of Ms. Sanders' injuries. In opposition, the plaintiff failed to present sufficient evidence to demonstrate the existence of a material issue of fact (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Kramer v Rosenthal,* 224 AD2d 392). Accordingly, Marino is entitled to summary judgment dismissing the complaint insofar as asserted against him (*see, Alvarez v Prospect Hosp., supra; Kramer v Rosenthal, supra*).

In light of the foregoing, we need not reach the appellant's

remaining contentions. Ritter, J. P., Altman, H. Miller and Schmidt, JJ., concur.