■ VERONICA RODNEY, as Administrator of the Estate of GODWIN GRANT, Deceased, Appellant, v NORTH SHORE UNIVERSITY HOSPITAL, Also Known as LAGUARDIA HOSPITAL, Respondents. [732 NYS2d 170] —In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Patterson, J.), dated September 11, 2000, which granted the motion of the defendants North Shore University Hospital at Forest Hills s/h/a North Shore University Hospital a/k/a LaGuardia

Hospital, Dr. Ott, and Dr. Sher, and the separate motion of the defendant Sandip Parikh for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

To recover damages for medical malpractice, a plaintiff must establish that the defendant deviated or departed from accepted medical practice and that such deviation or departure proximately caused injury or damage (*see, Holbrook v United Hosp. Med. Ctr.,* 248 AD2d 358; *Cahill v County of Westchester,* 226 AD2d 571; *Bloom v City of New York,* 202 AD2d 465).

Where, as here, the defendants established their prima facie entitlement to summary judgment, the plaintiff was required to raise a triable issue of fact (*see, Holbrook v United Hosp. Med. Ctr., supra; Cahill v County of Westchester, supra*). Contrary to the plaintiff's contention, the Supreme Court properly determined that the plaintiff failed to do so. The affidavits of the plaintiff's medical expert submitted in opposition to the motion contained merely conclusory allegations that were unsupported by any competent evidence (*see, Fhima v Maimonides Med. Ctr.,* 269 AD2d 559; *James v Crystal,* 267 AD2d 429). S. Miller, J. P., H. Miller, Schmidt and Cozier, JJ., concur.