■ CHERYL BOURGEOIS, Appellant, v NORTH SHORE UNIVERSITY HOSPITAL AT FOREST HILLS, Defendant, and GEORGE DELSHAD, Respondent. [737 NYS2d 101] —In an action to recover damages for medical malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens

County (Price, J.), dated March 2, 2001, as granted that branch of the motion of the defendant George Delshad which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The evidence submitted by the respondent, Dr. George Delshad, which included affidavits of two medical experts, was sufficient to establish his entitlement to summary judgment as a matter of law. The burden then shifted to the plaintiff to present competent evidence sufficient to raise a triable issue of fact (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320). The Supreme Court properly determined that the report by the plaintiff's medical expert, which was neither sworn to nor affirmed to be true under the penalties of perjury, did not constitute competent evidence sufficient to defeat the respondent's motion (*see, Mezentseff v Ming Yat Lau,* 284 AD2d 379; *Baron v Murray,* 268 AD2d 495; *Moore v Tappen,* 242 AD2d 526; CPLR 2106). Even if the report by the plaintiff's medical expert constituted competent evidence, it was too conclusory to raise a triable issue of fact and failed to rebut the opinion of the respondent's medical expert that the plaintiff's alleged nerve damage could not have been caused by the surgery performed by the respondent (*see, Rodney v North Shore Univ. Hosp.,* 286 AD2d 382; *Fhima v Maimonides Med. Ctr.,* 269 AD2d 559). Altman, J.P., Feuerstein, O'Brien and H. Miller, JJ., concur.