■ FRANK BRUGALETTA et al., Respondents, v STATEN ISLAND UNIVERSITY HOSPITAL et al., Appellants, et al., Defendant. [744 NYS2d 184] —In an action to recover damages for medical malpractice, the defendant Shelley E. Wertheim appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Rosenberg, J.), dated February 8, 2001, as denied that branch of her cross motion which was for summary judgment dismissing the complaint insofar as asserted against her, and the defendants Staten Island University Hospital, Staten Island Radiological Associates, David M. Zelefsky, and Alexander Gecht appeal from the same order.

Ordered that the appeals by the defendants Staten Island University Hospital, Staten Island Radiology Associates, David M. Zelefsky, and Alexander Gecht are dismissed as abandoned; in any event, those defendants are not aggrieved by the portion of the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from

by the defendant Shelley E. Wertheim, on the law, that branch of the cross motion which was for summary judgment dismissing the complaint insofar as asserted against that defendant is granted, the complaint is dismissed insofar as asserted against that defendant, and the action against the remaining defendants is severed; and it is further,

Ordered that one bill of costs is awarded to the appellant Shelley E. Wertheim.

The affidavit of the appellants' expert established a prima facie case that the appellant Dr. Shelley E. Wertheim properly read a myelogram and postmyelographic CT scan, and that she was not negligent in failing to diagnose the decedent's lymphoma. The burden then shifted to the plaintiffs to show, by sufficient evidentiary proof, the existence of a triable issue of fact (*see Baez v Lockridge,* 259 AD2d 573; *Holbrook v United Hosp. Med. Ctr.,* 248 AD2d 358; *see also Alvarez v Prospect Hosp.,* 68 NY2d 320; *Fileccia v Massapequa Gen. Hosp.,* 63 NY2d 639; *Toledo v Ordway,* 208 AD2d 518). The plaintiffs did not meet this burden. Rather, the plaintiffs' expert merely averred, in a conclusory fashion, that Dr. Wertheim misread the decedent's films and failed to order additional studies (*see James v Crystal,* 267 AD2d 429; *Holbrook v United Hosp. Med. Ctr., supra; see also Alvarez v Prospect Hosp., supra; Toledo v Ordway, supra*). The plaintiffs' expert failed to specify the films Dr. Wertheim allegedly misread, and the manner in which she departed from good and accepted medical practice. In addition, the affidavit of the plaintiffs' expert failed to rebut the prima facie showing that it was reasonable for Dr. Wertheim to articulate her conclusions and indicate that additional radiographic studies were needed (*see Holbrook v United Hosp. Med. Ctr., supra; see Bloom v City of New York,* 202 AD2d 465). Under these circumstances, the Supreme Court should have granted the cross motion for summary judgment insofar as it related to Dr. Wertheim. Ritter, J.P., Goldstein, Luciano and Schmidt, JJ., concur.