■ VINCENT PEDONE, Respondent, v HEBBALMATH THIPPESWAMY et al., Defendants, and CORY A. MUSCARA, M.D., P.C., et al., Appellants. [765 NYS2d 532] —In an action, inter alia, to recover damages for medical malpractice and lack of

informed consent, the defendants Cory A. Muscara, M.D., P.C., and Cory A. Muscara appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Hall, J.), dated December 10, 2002, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The appellants established their entitlement to judgment as a matter of law through the medical records submitted, the deposition testimony of the appellant Cory A. Muscara, and an expert's affidavit (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Sanders v Jamaica Hosp., 280 AD2d 462 [2001]). In opposition, the expert affidavit submitted by the plaintiff failed to raise a triable issue of fact as to whether the appellants deviated from accepted medical practice by failing to arrange a stress test for the deceased (see Alicea v Tuerk, 271 AD2d 557 [2000]). "General allegations of medical malpractice, merely conclusory in nature and unsupported by competent evidence tending to establish the essential elements of the claim, are insufficient to defeat a defendant physician's entitlement to summary judgment" (Kramer v Rosenthal, 224 AD2d 392 [1996]).

As there is no evidence in the record that the deceased died due, "in whole or in part, to his having undergone 'some affirmative violation of his physical integrity' in the absence of informed consent," the cause of action based upon lack of informed consent must be dismissed (Schel v Roth, 242 AD2d 697, 698 [1997], quoting Karlsons v Guerinot, 57 AD2d 73, 82 [1977]; see Keselman v Kingsboro Med. Group, 156 AD2d 334 [1989]).

The appellants' remaining contentions are either unpreserved for appellate review or without merit. Ritter, J.P., Feuerstein, H. Miller and Adams, JJ., concur.