■ CAROLINE MUSIARO, Appellant, v CLARKSTOWN MEDICAL ASSOCIATES, P.C., et al., Respondents, et al., Defendants. [768 NYS2d 665]—

In an action, inter alia, to recover damages for wrongful death based upon medical malpractice, the plaintiff appeals, as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Rockland County (O'Rourke, J.), entered October 15, 2002, as granted the motion of the defendants Clarkstown Medical Associates, P.C., Howard Feldfogel, Lisa A. Ferrara, and John Joseph Fitzpatrick for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

To prevail on a cause of action to recover damages for medical malpractice, a plaintiff must demonstrate that a health care provider deviated from accepted medical practice and that the deviation proximately caused the injuries sued upon (see *DiMitri v Monsouri,* 302 AD2d 420, 421 [2003]; *Rodney v North Shore Univ. Hosp.,* 286 AD2d 382, 383 [2001]; *Holbrook v United Hosp. Med. Ctr.,* 248 AD2d 358, 359 [1998]).

The theory of the plaintiff's case is that if the plaintiff's decedent had taken a stress test, that "would have begun the diagnostic process, which . . . would have included an angiogram and treatment by a cardiac interventionalist" which would have saved his life.

It is undisputed that two months before his death, the respondents referred the plaintiff's decedent to a cardiologist who advised him to take a stress test. The plaintiff's decedent decided that he "would like to wait." There is no evidence in the record that the respondents did anything to delay the recommended stress test (see *Cocomello v Columbia Presbyt. Med.*

*Ctr.,* 120 AD2d 357, 358 [1986]). Indeed, the evidence indicates that the respondents urged the plaintiff's decedent to follow the advice of the cardiologist.

The undisputed facts established that the respondents were entitled to judgment as a matter of law. The conclusory allegations of the plaintiff's expert and the other evidence in the record failed to raise a triable issue of fact as to how the appellants deviated from accepted medical standards (*see DiMitri v Monsouri, supra; Barich v Dobozin,* 287 AD2d 426 [2001]). Accordingly, the Supreme Court properly granted the respondents' motion for summary judgment.

In light of the foregoing, we need not reach the respondents' remaining contention. Altman, J.P., S. Miller, Goldstein and Crane, JJ., concur.