■ DIANE E. SHERIDAN et al., Respondents, v EDWARD BIENIEWICZ, Appellant, et al., Defendant. [776 NYS2d 318]—

In an action to recover damages for medical malpractice, etc., the defendant Edward Bieniewicz appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Oliver, J.), dated March 28, 2003, as denied that branch of his motion which was for summary judgment dismissing the plaintiff Diane Elizabeth Sheridan's claim insofar as asserted against him that the alleged malpractice caused that plaintiff's infertility.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the appellant's motion which was for summary judgment dismissing the plaintiff Diane Elizabeth Sheridan's claim that the alleged malpractice caused that plaintiff's infertility is granted, and that claim is dismissed insofar as asserted against the appellant.

In November 1995, the plaintiff Diane Elizabeth Sheridan (hereinafter the plaintiff) underwent a surgical procedure to remove her gallbladder, which was performed by the defendant Edward Bieniewicz. The procedure resulted in complications associated with a bile leak, which lengthened the plaintiff's initial hospital stay and led to additional hospital admissions in 1995. The instant action was commenced in February 1998. In October 1999, the plaintiff was diagnosed with infertility, and in a supplemental bill of particulars filed in March 2001, she claimed that Bieniewicz's malpractice proximately caused her infertility.

Bieniewicz subsequently moved for summary judgment dismissing the complaint insofar as asserted against him, which motion was denied by the Supreme Court. On appeal, Bieniewicz does not dispute the existence of triable issues of fact regarding his alleged malpractice, but contends that the plaintiff failed to raise a triable issue of fact regarding the alleged causal relationship between his actions and the plaintiff's infertility. We agree.

Once the proponent of a summary judgment motion makes a prima facie showing of entitlement to judgment as a matter of law, the burden shifts to the opposing party to present evidence in admissible form which demonstrates the existence of a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Here, the Supreme Court correctly found that Bieniewicz's motion was supported by expert medical evidence establishing his prima facie entitlement to judgment as a matter of law. Regarding the plaintiff's infertility claim, Bieniewicz submitted three detailed and well-documented expert affidavits establishing that the damage to the plaintiff's reproductive system was unrelated to her 1995 gallbladder procedure, but was likely caused by a 1985 appendiceal abscess resulting, inter alia, in injury to her right fallopian tube.

In opposition, the plaintiff was required to lay bare her proof and produce evidence, in admissible form, sufficient to raise a triable issue of fact as to the essential elements of a medical malpractice claim, to wit, " (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury" (*DiMitri v Monsouri*, 302 AD2d 420, 421 [2003]; *see also Bloom v City of New York*, 202 AD2d

465 [1994]). Regarding the cause of the plaintiff's infertility, the plaintiff's undisclosed gynecological expert did not refute the conclusions of Bieniewicz's experts or the medical bases therefor but rather conceded that the plaintiff's prior medical history was "remarkable with regard to her right fallopian tube." Moreover, without any supporting documentation or references to any medical literature, the plaintiff's expert opined that "a causal connection *can* be drawn" (emphasis added) between Bieniewicz's irrigation of the plaintiff's abdominal cavity during the 1995 surgical procedure and the subsequently diagnosed damage to the plaintiff's reproductive system. "General allegations that are conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice are insufficient to defeat summary judgment" (*DiMitri v Monsouri, supra* at 421; *see Alvarez v Prospect Hosp., supra* at 325; *Spaeth v Goldberg,* 248 AD2d 704 [1998]; *Holbrook v United Hosp. Med. Ctr.,* 248 AD2d 358 [1998]; *Leon v Southside Hosp.,* 227 AD2d 384 [1996]; *Marinaccio v Society of N.Y. Hosp.,* 224 AD2d 595 [1996]; *Kramer v Rosenthal,* 224 AD2d 392 [1996]; *Guida v Hsu,* 187 AD2d 485 [1992]).

Accordingly, the plaintiff failed to raise a triable issue of fact regarding her claim that the alleged malpractice caused her infertility. Thus, the Supreme Court should have granted that branch of Bieniewicz's motion which was for summary judgment dismissing that claim insofar as asserted against him. Ritter, J.P., S. Miller, Adams and Cozier, JJ., concur.