ISMAEL MAXWELL, Appellant, v SHAMBHU M. MEHTA, Respondent, et al., Defendants. [792 NYS2d 647]—

Mugglin, J. Appeal from that part of a judgment of the Supreme Court (Stein, J.), entered February 18, 2003 in Rensselaer County, which granted defendant Shambhu M. Mehta's motion to partially set aside a jury verdict in favor of plaintiff and dismissed the complaint against him.

On December 19, 1996, plaintiff experienced a toothache in the left lower rear of his mouth. He called the office of defendant Shambhu M. Mehta (hereinafter defendant) and was given an appointment for December 23, 1996, which he kept despite the fact that the toothache disappeared on December 20, 1996. Although plaintiff and defendant dispute whether defendant personally briefly examined plaintiff on this date, this factual

dispute need not detain us as the claimed acts of malpractice against defendant allegedly occurred on December 27, 1996. The parties do not dispute that on December 23, 1996 plaintiff was primarily treated by another dentist, working as an independent contractor, in defendant's office. Plaintiff was diagnosed with gingivitis (a common gum infection) and the area was thoroughly cleaned. Plaintiff left with the advice that he should thoroughly floss and brush his teeth. While at work on December 25, plaintiff suddenly experienced chills and fever and went to the emergency room at Albany Medical Center. The diagnosis there was "toothache with presumed transient bacteremia" and plaintiff was placed on oral penicillin and advised to return to his dentist for treatment. Two days later, defendant saw plaintiff at his dental office. Plaintiff complained of pain in both his left and right mandibles with swelling on the right side, although defendant was unable to detect any swelling. Plaintiff also complained of some slight swelling under his tongue. Defendant attempted to take an X ray, but plaintiff's mouth was too sore to bite the plate which defendant attempted to insert. Defendant then advised plaintiff that his condition was such that he needed to be treated by a medical doctor, not a dentist, and that he should continue to take the penicillin. Defendant gave plaintiff a prescription for Tylenol with Codeine for pain.

Commencing December 30, 1996, plaintiff saw a series of physicians, all of whom were made defendants in this action, and eventually, on January 10, 1997, he returned to Albany Medical Center where he was diagnosed with and treated for Ludwig's angina, an infection of the deep spaces under the tongue and in the throat which, if not treated, can be fatal. The two independent contractor dentists in defendant's office settled with plaintiff prior to trial. The jury returned a verdict against defendant and the physicians in excess of $300,000, apportioning liability to defendant at 30%. The other defendants have settled and satisfactions of judgment have been filed. Supreme Court reserved on defendant's motion to dismiss at the close of plaintiff's proof and ultimately granted the motion, set aside the verdict as to defendant and dismissed the complaint against him. Plaintiff appeals.

"To set aside a verdict and grant judgment as a matter of law, a court must determine 'that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial' " (*Cramer v Benedictine Hosp.*, 301 AD2d 924, 928-929 [2003], quoting *Cohen v Hallmark*

*Cards*, 45 NY2d 493, 499 [1978]). With this standard as a guide, we turn to the two claims of malpractice asserted against this defendant. First, that on December 27, 1996, defendant failed to diagnose and treat a dental abscess and failed to recognize that plaintiff's symptoms were worsening so that the penicillin prescription should have been changed. Second, that defendant failed to perform all the diagnostic testing necessary to completely determine plaintiff's condition and refer him to an oral surgeon or an ear, nose and throat physician (hereinafter ENT) immediately. To prove dental malpractice, plaintiff must show that defendant departed from the requisite standard of practice and that such departure was a substantial factor in causing the injury (*see Postlethwaite v United Health Servs. Hosps.*, 5 AD3d 892, 894-895 [2004]; *Knutson v Sand*, 282 AD2d 42, 43 [2001]).

Plaintiff's medical expert testified that, as with any infection, this one started small and as the infection increased, the symptoms changed, so it is important to determine the point in the progression of this infection when the patient was seen by defendant. Plaintiff's dental expert testified that the symptoms of an abscessed tooth are pain, swelling, fever, redness, possibly some warmth and the presence of pus. In contrast, both of these expert witnesses testified that a deep space infection, including one that develops into Ludwig's angina, is characterized by pain throughout the mouth, swelling throughout the mouth, swelling under the tongue, some pain under the tongue and pain in opening and closing the mouth. Both agreed that an abscess under a tooth in the lower jaw can drain into the deep space cavities and no longer be apparent but, thus, spread the infection. Both further agreed that plaintiff's symptoms changed between December 25 and December 27. Notably, both also agreed that such deep space infections are beyond the practice of dentistry and that a referral to a physician is appropriate. Therefore, with respect to plaintiff's first claim of negligence, there is no rational basis for the jury to determine that defendant committed malpractice by failing to diagnose and treat an abscessed tooth on December 27, 1996. Moreover, there was no evidence that failure to change the medication was a substantial factor in causing plaintiff's injury.

With respect to plaintiff's second theory of malpractice, we make three preliminary observations. First, as already noted, both of plaintiff's experts testified that given plaintiff's symptoms on December 27, 1996, which were *suggestive* of Ludwig's angina, defendant properly concluded that treatment by a medical doctor was necessary. Second, although plaintiff's

dental expert testified that referral to an oral surgeon or ENT was required, there is no record support that this is an industry standard (the expert never made a referral to an ENT and made only one to an oral surgeon) nor is there evidence that general practitioners cannot diagnose and treat this condition. Third, plaintiff did consult a doctor, albeit not until three days later. Thus, the only surviving element of this theory of malpractice is that defendant should have made a prompt referral to a doctor on December 27. We need not decide, as plaintiff claims, that defendant's failure to make a telephone call and set up an immediate appointment was malpractice because there is a total lack of proof that the three-day delay caused or exacerbated plaintiff's injury. In fact, his medical expert testified that had he been properly diagnosed and treated on December 30, the extent and severity of his injuries would have lessened. Thus, the jury's conclusion that the three-day delay was a substantial factor in causing injury to plaintiff is based on pure speculation.

Cardona, P.J., Crew III, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, with costs.