■ JOHN CALABRO, Respondent, v CRAIG M. HESCHELES et al., Defendants, and PETER R. AUSTER, Appellant. [801 NYS2d 921]—

In an action, inter alia, to recover damages for dental malpractice, the defendant Peter R. Auster appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Levine, J.), dated October 15, 2004, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The requisite elements of proof in a medical or dental malpractice action are a deviation or departure from accepted practice and evidence that such departure was a proximate cause of injury or damage (*see Holbrook v United Hosp. Med. Ctr.,* 248 AD2d 358, 359 [1998]; *Bloom v City of New York,* 202 AD2d 465 [1994]). The appellant's submissions on his motion

for summary judgment, including various affidavits of dental experts, established a prima facie case that his treatment of the decedent was not negligent or a proximate cause of the decedent's injuries and demise, thereby shifting to the plaintiff the obligation to show by sufficient evidentiary proof the existence of a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Holbrook v United Hosp. Med. Ctr., supra*). Contrary to the appellant's contention, however, the plaintiff raised such an issue of fact in the affidavit of his dental expert in opposition to the motion. Thus, the Supreme Court properly denied the appellant's motion. Prudenti, P.J., H. Miller, Spolzino and Lunn, JJ., concur.