■ ANTHONY BENNETT, Appellant, v STATE OF NEW YORK, Respondent. [820 NYS2d 653]—

Kane, J. Appeal from a judgment of the Court of Claims (Lebous, J.), entered March 30, 2005, upon a decision of the court in favor of defendant.

Claimant is an inmate in the custody of the Department of Correctional Services (hereinafter DOCS). His initial dental examination and X rays upon entering DOCS custody in 1996 revealed that claimant suffered from advanced periodontal disease. DOCS dental personnel extracted three of claimant's teeth

---

before 1998, at which time full charting of his teeth was performed and new X rays were taken. A DOCS dentist, Hollis Heinzerling, performed scaling and root planing of claimant's whole mouth, prescribed antibiotics and followed up with regular deep cleanings. DOCS did not refer claimant to a periodontist, but he eventually hired his own specialist, Gregory Farber, in 2002. Farber recommended scaling, root planing, antibiotic therapy and extraction of 11 more teeth. These recommendations were implemented by Farber and Heinzerling. In all, claimant had 17 teeth extracted while in DOCS custody.

Claimant filed this claim alleging dental malpractice. After a trial at which claimant, Farber, Heinzerling and an expert for defendant testified, the Court of Claims dismissed the claim. Claimant appeals.

We affirm. To succeed in his dental malpractice claim, claimant was required to prove that DOCS deviated from the accepted standard of dental care and that such departure was the proximate cause of his injuries (*see Calabro v Hescheles*, 22 AD3d 622, 623 [2005]; *Maxwell v Mehta*, 16 AD3d 922, 924 [2005]). Farber testified that DOCS' failure to chart claimant's teeth made it difficult to track his progress and determine the appropriate course of treatment. He also faulted DOCS for not outlining a treatment plan or referring claimant to a periodontist, opining that the delay in treatment required claimant to lose more teeth than if he had been promptly treated. Heinzerling testified that she did not refer claimant because she was capable of treating him. She also testified that she did not chart the teeth because it was useless to chart hopeless teeth. She proceeded by treating claimant conservatively because he wanted to keep his teeth and would not accept that many of his teeth needed to be extracted. DOCS' expert periodontist testified that according to claimant's X rays and records, when claimant entered prison he had extreme bone loss in his jaw and several questionable teeth that needed to be extracted. The expert further testified that charting helps measure progress but does not treat periodontal disease, teeth with a poor or hopeless prognosis should be extracted, Heinzerling's treatment was appropriate and met the standard of care, and claimant's advanced periodontal disease was the proximate cause of his tooth loss. As the Court of Claims observed the witnesses firsthand and had an opportunity to weigh the conflicting expert testimony, we will not disturb its determination that any alleged deviation from the accepted standard of care did not proximately cause claimant's injuries, as the advanced state of his disease had already rendered the teeth hopelessly lost (*see*

*Auger v State of New York*, 263 AD2d 929, 931-932 [1999]; *Brown v State of New York*, 192 AD2d 936, 937-939 [1993], *lv denied* 82 NY2d 654 [1993]).

Crew III, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.