◼ JAMES G. COURTNEY, JR., et al., Plaintiffs, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant; JOHN T. MATHER MEMORIAL HOSPITAL et al., Respondents, et al., Defendants. [827 NYS2d 79]—

In a consolidated action, inter alia, to recover damages for

medical malpractice, the defendant Port Authority of New York and New Jersey appeals, as limited by its brief, (1) from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), entered April 4, 2005, as granted those branches of the separate motions of the defendants John T. Mather Memorial Hospital, Thomas E. Arnold, and Robert M. Pollina which were for summary judgment dismissing its cross claims insofar as asserted against those defendants, (2) from so much of a judgment of the same court entered April 8, 2005, as, upon the order, dismissed its cross claims insofar as asserted against the defendant Thomas E. Arnold, and (3) from so much of a judgment of the same court entered April 20, 2005, as, upon the order, dismissed its cross claims insofar as asserted against the defendant Robert M. Pollina.

Ordered that the appeal from so much of the order as granted those branches of the separate motions of the defendants Thomas E. Arnold and Robert M. Pollina which were for summary judgment dismissing the appellant's cross claims insofar as asserted against those defendants is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the judgments are affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from those portions of the intermediate order which granted those branches of the separate motions of the defendants Thomas E. Arnold and Robert M. Pollina which were for summary judgment dismissing the appellant's cross claims insofar as asserted against those defendants must be dismissed because the right of direct appeal therefrom terminated with the entry of judgments in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from those portions of the order are brought up for review and have been considered on the appeals from the judgments (*see* CPLR 5501 [a] [1]).

The plaintiff James G. Courtney, Jr. (hereinafter the injured plaintiff), was injured when he slipped and fell on property owned by the defendant Port Authority of New York and New Jersey (hereinafter the Port Authority). He entered John T. Mather Memorial Hospital (hereinafter the hospital) on November 23, 1998 complaining of pain and swelling in his left calf. Based on the evidence of compression in the popliteal vein which was discovered after several medical tests, the treating physicians administered anticoagulant therapy to prevent deep

vein thrombosis. This treatment was continued until a magnetic resonance imaging test and a tonometer reading revealed a hematoma and elevated compartment pressure in the injured plaintiff's leg. The plaintiff was diagnosed with compartment syndrome on November 25, 1998. As a result, the anticoagulant treatment was discontinued and surgery was performed which successfully relieved the pressure.

The plaintiffs commenced an action against the Port Authority, alleging that it failed to properly maintain its premises, and a separate action against, among others, the hospital and the defendants Robert M. Pollina and Thomas E. Arnold (hereinafter the physicians) to recover damages for medical malpractice. The actions were consolidated and, among other things, the Port Authority asserted cross claims against the hospital and the physicians for indemnification and contribution. Thereafter, the hospital and each of the physicians separately moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. In opposition, the plaintiff submitted an expert affirmation from a physician licensed to practice medicine in New Jersey. Three weeks after the defendants submitted reply papers, the plaintiffs submitted an expert affidavit identical in substance to their expert's affirmation. The Port Authority contends, inter alia, that the expert's submissions raise triable issues of fact requiring the denial of those branches of the respondents' motions which were for summary judgment dismissing its cross claims insofar as asserted against the respondents.

The Supreme Court providently exercised its discretion in declining to consider the plaintiffs' untimely expert affidavit submitted three weeks after the defendants served their reply papers. The plaintiffs proffered no excuse for failing to submit the expert affidavit with their opposition papers (*see* CPLR 2214 [b], [c]; *Foitl v G.A.F. Corp.*, 64 NY2d 911, 913 [1985]; *Romeo v Ben-Soph Food Corp.*, 146 AD2d 688, 690 [1989]).

In any event, even considering the expert affidavit, no triable issues of fact were raised as to whether the physicians were negligent in their treatment of the plaintiff (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Where a plaintiff's expert's ultimate assertions are speculative or unsupported by any evidentiary foundation, the opinion should be given no probative force and it is insufficient to withstand a motion for summary judgment (*see Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]; *DiMitri v Monsouri*, 302 AD2d 420, 421 [2003]; *Holbrook v United Hosp. Med. Ctr.*, 248 AD2d 358, 359 [1998]).

In this case, the plaintiffs' expert did not refute the conclusions of the physicians' expert and did not explain how the alleged improper anticoagulant treatment related to causation (*see Sheridan v Bieniewicz*, 7 AD3d 508, 510 [2004]; *DiMitri v Monsouri, supra* at 421; *Rodney v North Shore Univ. Hosp.*, 286 AD2d 382, 383 [2001]). Accordingly, contrary to the Port Authority's contention, the Supreme Court properly granted summary judgment to Arnold and Pollina.

In light of the foregoing, the Port Authority's argument that the hospital is vicariously liable for the negligence of Arnold and Pollina has been rendered academic. Accordingly, summary judgment was also properly granted to the hospital. Krausman, J.P., Rivera, Spolzino and Lifson, JJ., concur.