# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**254**

**CA 15-00328**

PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

KENNETH P. GOLDEN, PLAINTIFF-APPELLANT,
ET AL., PLAINTIFF,

                          V                          MEMORANDUM AND ORDER

SASHA PAVLOV-SHAPIRO, M.D., ASSOCIATED
MEDICAL PROFESSIONALS OF NY, PLLC, JEFFREY M.
DESIMONE, M.D., CENTRAL NEW YORK SURGICAL
PHYSICIANS, PC, AND UPSTATE UNIVERSITY HOSPITAL
AT COMMUNITY GENERAL, DEFENDANTS-RESPONDENTS.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

FAGER AMSLER & KELLER, LLP, SYRACUSE (JOHN P. POWERS OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Onondaga County
(Donald F. Cerio, Jr., A.J.), entered October 20, 2014.  The order
granted the motion of defendants for summary judgment dismissing the
complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Kenneth Golden (plaintiff) and his wife commenced
this medical malpractice action seeking damages for injuries sustained
by plaintiff during a laparoscopic-assisted sigmoid colectomy,
resulting in the need for postoperative surgery to repair the damage
to his ureter that allegedly occurred during the initial surgery.
Supreme Court properly granted defendants' motion for summary judgment
dismissing the complaint.  Defendants met their initial burden with
respect to the cause of action for malpractice, and contrary to
plaintiff's contention, he failed to raise an issue of fact through
his expert's affidavit.  It is well settled that, where an expert's
" 'ultimate assertions are speculative or unsupported by any
evidentiary foundation, . . . [his or her] opinion should be given no
probative force and is insufficient to withstand' " a motion for
summary judgment (*Bagley v Rochester Gen. Hosp.*, 124 AD3d 1272, 1273).
Here, plaintiff's expert acknowledged that the methylene dye test
showed no injury to the bladder or ureter, and thus his conclusion
that the injury occurred during the initial surgery is based solely on
speculation.  Similarly, plaintiff's expert opined that defendants
deviated from the standard of care without detailing what procedures

or actions should have been undertaken and whether those procedures or actions were required under the applicable standard of care (*see generally id.*).  Plaintiff's contention with respect to the applicability of the doctrine of res ipsa loquitur is not properly before us because it is raised for the first time on appeal (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).  Finally, we reject plaintiff's contention that defendants failed to meet their initial burden on the motion with respect to the issue of informed consent (*see Gray v Williams*, 108 AD3d 1085, 1086), and we likewise reject plaintiff's alternative contention that he raised an issue of fact to defeat the motion with respect to that issue (*cf. Laribee v City of Rome* [appeal No. 1], 254 AD2d 805, 805).

Entered:  April 29, 2016                    Frances E. Cafarell
                                            Clerk of the Court