Appeal from an order of the Supreme Court, Onondaga County (Donald F. Cerio, Jr., A.J.), entered October 20, 2014. The order granted the motion of defendants for summary judgment dismissing the complaint.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Kenneth Golden (plaintiff) and his wife commenced this medical malpractice action seeking damages for injuries sustained by plaintiff during a laparoscopic-assisted sigmoid colectomy, resulting in the need for postoperative surgery to repair the damage to his ureter that allegedly occurred during the initial surgery. Supreme Court properly granted defendants’ motion for summary judgment dismissing the complaint. Defendants met their initial burden with respect to the cause of action for malpractice, and contrary to plaintiff’s contention, he failed to raise an issue of fact through his expert’s affidavit. It is well settled that, where an expert’s “ ‘ultimate assertions are speculative or unsupported by any evidentiary foundation, . . . [his or her] opinion should be given no probative force and is insufficient to withstand’ ” a motion for summary judgment (Bagley v Rochester Gen. Hosp., 124 AD3d 1272, 1273 [2015]). Here, plaintiff’s expert acknowledged that the methylene dye test showed no injury to the bladder or ureter, and thus his conclusion that the injury occurred during the initial surgery is based solely on speculation. Similarly, plaintiff’s expert opined that defendants deviated from the standard of care without detailing what procedures or actions should have been undertaken and whether those procedures or actions were required under the applicable standard of care (see generally id.). Plaintiff’s contention with respect to the applicability of the doctrine of res ipsa loquitur is not properly before us because it is raised for the first time on appeal (see Ciesinski v Town of Aurora, 202 AD2d 984, 985 [1994]). Finally, we reject plaintiff’s contention that defendants failed to meet their initial burden on the motion with respect to the issue of informed consent (see Gray v Williams, 108 AD3d 1085, 1086 [2013]), and we likewise reject plaintiff’s alternative contention that he raised an issue of fact to defeat the motion with respect to that issue (cf. Laribee v City of Rome [appeal No. 1], 254 AD2d 805, 805 [1998]).
Present — Peradotto, J.P., Lindley, DeJoseph, Curran and Scudder, JJ.