◼ LAKE STEEL INC., et al., Respondents, v IMPERIAL LINEN SUPPLY Co., INC., Appellant.—Judgment unanimously modified in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: Defendant appeals from a judgment which granted plaintiff Lake Steel, Inc., an award of $8,174.65 and plaintiff Lake Steel Equipment Rental, Inc., $17,219.09 following a trial of the consolidated actions. The award to Lake Steel Equipment Rental, Inc., includes $4,304.27 for attorney's fees. The weight of the evidence supports the trial court's determination that the agreed upon contract price for moving defendant's equipment to their new building was as stated in plaintiffs' standard price sheets. The award for attorney's fees is based upon paragraph 10 appearing on the reverse side of an equipment rental lease used by plaintiff Lake Steel Equipment Rental,

Inc.: "10. Default. Should lessee default in the payment of any sum when due hereunder * * * Lessee shall reimburse Lessor promptly for all its expenses, including attorney's fees incurred in connection with Lessor's exercise of its rights under this paragraph 10 and any default by Lessee under this Lease." The lease terms appearing on the reverse side of the printed form lease, deal with various aspects of the use of plaintiff's large pieces of equipment on a moving job. It appears that a single lease suffices where the equipment is used for one day on the job then taken back to plaintiff's plant. Where the equipment is left on the job, one lease covers the entire period. There is no lease in evidence supporting the charges covering periods October 27, 28, 29, 30 and 31, 1975 and November 3, 4, 5 and 7, 1975. These charges total $6,906.67. There is clearly no authority to charge defendant with attorney's fees for charges concerning which no lease agreement exists. Defendant is not liable for attorney's fee absent an express agreement therefor (Equitable Lbr. Corp. v IPA Land Dev. Corp., 38 NY2d 516). The record supports the authority of defendant's plant manager Paul Smith to sign the lease agreements. The deal had already been made by defendant's general manager Richard Puglisi to hire plaintiffs to handle the moving job. The lease was merely a subsidiary document covering the large hoists with crew. The lease was a document used partially to implement the over-all agreement along with the daily time sheets also signed by Paul Smith. The lease agreements not signed by Paul Smith were issued for the same purpose and as a part of the same oral agreement to hire plaintiffs to move defendant's laundry machines. Defendant was aware or should have been aware of the contents of the lease terms as Paul Smith signed three of them. They were not contracts of adhesion and defendant was on an equal bargaining plane with plaintiff Lake Steel Equipment Rental, Inc. Defendant is bound by the lease agreements signed by plaintiff's employee furnished with the equipment as it was aware of the lease and bound to know its terms (cf. 7 Encyclopedia New York Law, Contracts, § 1814). The testimony of counsel for plaintiffs concerning his fee established it as 25% before trial and one third contingent upon trial. A fee of one third of the recovery after a four-day trial is reasonable. It is not unreasonably large or grossly out of line with the kind of fee that plaintiff would normally anticipate paying for collecting a defaulted account (Equitable Lbr. Corp. v IPA Land Dev. Corp., supra). The one third attorney's fee should have application to the total sum due under the contract to Lake Steel Equipment Rental, Inc., in the amount of $12,912.82, minus those charges not covered by a lease in the amount of $6,906.77 being $6,006.05. The allowable attorney's fee thus should be in the amount of $2,002. The judgment appealed from is modified by a reduction of the award to plaintiff Lake Steel Equipment Rental, Inc., to $14,914.82 and, as modified, affirmed. (Appeal from judgment of Erie County Court—breach of contract.) Present—Marsh, P. J., Moule, Simons, Dillon and Witmer, JJ.