■ LAKE STEEL EQUIPMENT RENTAL, INC., Respondent, v ALBERT ELIA BUILDING CO., INC., Appellant.—Judgment unanimously modified and, as modified, affirmed, with costs to defendant, in accordance with the following memorandum: In this action to collect for the rental of two construction cranes defendant appeals from a judgment granted after a nonjury trial, awarding to plaintiff $477.96 plus monthly service (interest) charges, amounting to $133.85, for one day's use of an 80-ton crane in August, 1976, $8,374.50 plus monthly service charges, amounting to $2,177.24, for one month's rent of a 150-ton crane in September and October, 1976; and $2,950.82 attorney's fees under the rental contract for the latter, plus costs. Plaintiff is in the business of renting out heavy construction equipment, including cranes. Defendant is in the heavy construction business and from time to time has rented such equipment from plaintiff. In late July, 1976 defendant sought to rent a 65-ton crane from plaintiff for a particular job, the rental rate for which was stated on the invoice to be $5,200 per month, plus sales/use tax, the rent to start on August 2, 1976. On that date plaintiff

only had an 80-ton crane available for the job and it delivered it to defendant with an invoice for $5,200 per month minimum charge, with a notation thereon that the 80-ton crane was substituted for the rented 65-ton crane for the first three days of the rental period, and defendant's Robert Blount, an operating engineer, signed the acceptance on the rental agreement for this crane. At trial, defendant asserted that the crane was not suitable in condition or size for the intended job, and that defendant returned it the same day without using it. Defendant's president testified that at that time plaintiff agreed to make no charge for it. There was evidence that it was not because the crane was faulty that defendant returned it without use. In April, 1977 plaintiff sued to collect a month's rent for the crane, asserting that it was leased for a minimum of one month. Defendant asserted that plaintiff had originally billed defendant for only one day's use thereof, and before that had agreed to make no charge. Plaintiff acknowledged that it had billed defendant for one day, but testified that such billing was in error and that it later billed defendant for one month's use in accordance with the lease agreement. The court concluded that defendant should pay for only one day's use of the crane, and plaintiff has not appealed therefrom. In mid-September, 1976 defendant asked plaintiff for the rental of a 150-ton crane, and plaintiff delivered it to defendant on September 13, 1976 by crane escort truck. Orville Mueller, a master mechanic employee of defendant, signed acceptance of such delivery. The lease agreement for this crane specified that the terms were "bare rental" (i.e., without operator) for a minimum of one month at the rate of $7,800 per month, and this agreement was also signed on behalf of defendant by Orville Mueller on delivery of the crane. Plaintiff testified that the rental rate of the equipment for one week was $5,000 and that the rate went down rapidly as the term was extended. The record shows that defendant did an extensive rental business with plaintiff and was quite familiar with plaintiff's rates. Defendant used the crane for nine working days, and returned it after 10 or 11 days. Plaintiff sued defendant for the minimum of one month's rent for this crane. Defendant contends that neither Blount nor Mueller had authority to sign the leases for the cranes; but plaintiff asserts that at least they had apparent authority. The record does not support plaintiff's claim that Mueller had either actual or apparent authority to sign the lease agreement for the 150-ton crane. Plaintiff's reliance on *Lake Steel v Imperial Linen Supply Co.* (60 AD2d 994) is misplaced, for in that case the plant manager signed for the defendant, not a crane operator or mechanic; and that manager had also been involved in the preliminary negotiations, which was not the case with Mueller. We conclude that plaintiff may not recover on either lease, as such, but only for the use of the cranes. The court's finding that defendant is liable for one day's use of the 80-ton crane and one month's use of the 150-ton crane is supported by the evidence. There is evidence that when defendant originally arranged for this crane, its officer stated that it would be needed for "probably a month". Although defendant did not use the latter crane for a whole month, the higher rates for lesser time periods warranted the court's application thereof for the time that defendant did use the crane. Defendant's familiarity with plaintiff's rates justified, therefore, the trial court's award of the equivalent of one month's rent for the use of this crane. Thus, the contract provisions for monthly service charges and attorney's fees are not binding on defendant. In lieu of such service charges, however, plaintiff is entitled to interest on the rents due until the date of entry of the judgment, pursuant to CPLR 5004. The judgment is modified, therefore, to excise the service charges and

the attorney's fees, and plaintiff may substitute statutory interest for the service charges. As thus modified, the judgment is affirmed. (Appeal from judgment of Niagara Supreme Court—lease agreement.) Present—Simons, J. P., Schnepp, Callahan, Doerr and Witmer, JJ.