■ RHONDA LIQUORI, Respondent, v CARMEN BARROW et al., Appellants.—In a negligence action to recover damages for personal injuries, the defendants appeal from (1) a judgment of the Supreme Court, Kings County (I. Aronin, J.), dated June 29, 1988, which, after an inquest, is in favor of the

plaintiff and against them in the principal sum of $100,000, and (2) an order of the same court, dated November 1, 1988, which denied their motion to vacate the default judgment.

Ordered that the judgment is reversed, on the law and in the exercise of discretion, without costs or disbursements, and a new trial is granted on the issues of liability and damages; and it is further,

Ordered that the appeal from the order is dismissed as academic, without costs or disbursements.

The Supreme Court found the defendants to be in default on the basis of their counsel's failure to appear for jury selection on a certain date as directed by the court. When the court subsequently refused to disband the jury selected ex parte by the plaintiff's attorney and permit the defendants' counsel to select the jury anew, the defense counsel refused to participate in the trial. The court then ordered an inquest in which counsel for the defendants also initially refused to participate. On a subsequent adjourned date, a new attorney appeared for the defendants and sought to introduce expert medical testimony on their behalf. The court refused to permit the defense counsel to offer any proof as to damages and limited his participation in the inquest to cross-examination of the plaintiff's witnesses.

Absent an express waiver or unusual circumstances, a party to a civil action not in default is entitled to be present in the court, either in person or by counsel, at all stages of the proceedings including the selection of a jury from the panel (see, Matter of Radjpaul v Patton, 145 AD2d 494, 497; Carlisle v County of Nassau, 64 AD2d 15, 18-19; Lunney v Graham, 91 AD2d 592, 593). Indeed, selection of a jury is such a vital and crucial aspect of any trial and the right to an impartial jury so fundamental that the right to be present during the jury selection process cannot be abrogated except on the basis of substantially compelling reasons (see, Carlisle v County of Nassau, supra, at 20). In the case at bar, the court's rulings were not predicated upon a substantial basis. The record does not show that defense counsel had engaged in a course of dilatory conduct calculated to delay trial of the action or had purposefully failed to appear for jury selection. Rather, his nonappearance appears to have been compelled by a miscommunication. Considering the minimal delay involved, the rulings were out of all proportion to the circumstances. Because of the prejudice to the defendants arising from their wrongful exclusion from the jury selection process, reversal and a new

trial on the issues of both liability and damages are warranted.

In light of our determination we do not address the defendants' other contentions. Mangano, P. J., Thompson, Bracken and Rubin, JJ., concur.