█ MARY B. PATERSON, Respondent, v TIMOTHY ELLIS et al., Appellants. [725 NYS2d 513] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in granting that part of plaintiff's motion pursuant to CPLR 4404 (a) seeking to set aside the jury verdict on the apportionment of liability as against the weight of the evidence and ordering a new trial on that issue. The standard for determining whether the jury's verdict is against the weight of the evidence is whether the evidence so preponderated in plaintiff's favor that the verdict could not have been reached on any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets,* 86 NY2d 744, 746). In this case, a fair interpretation of the evidence supports the jury's finding that plaintiff was 75% at fault. Plaintiff, a pedestrian, crossed a road between vehicles and outside of a crosswalk, and gave contradictory testimony concerning the pace at which she was walking. "The jury, which

saw and heard the witnesses, was in the best position to evaluate the circumstances and the nature of [the parties'] conduct, and there is no basis for usurping the jury's function" (*Barresi v Kapr*, 226 AD2d 1074, *appeal dismissed* 88 NY2d 1005). We therefore modify the order by denying plaintiff's motion in its entirety and reinstating the jury verdict on the apportionment of liability. (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J.—Set Aside Verdict.) Present—Green, J. P., Hayes, Hurlbutt, Scudder and Lawton, JJ.