■ BETTY R. KUHNS et al., Appellants, v MILLARD FILLMORE HOSPITALS, Respondent, et al., Defendant. [744 NYS2d 787] —Appeal from a judgment of Supreme Court, Erie County (Michalek, J.), entered June 21, 2001, which dismissed the complaint against defendant Millard Fillmore Hospitals upon a jury verdict of no cause of action.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the complaint against defendant Millard Fillmore Hospitals is reinstated, the order entered April 18, 2001 is vacated, the motion is granted, the verdict is set aside and a new trial is granted.

Memorandum: Plaintiffs appeal from an order denying their motion to set aside the jury verdict of no cause of action in this medical malpractice action. In the exercise of our discretion, we treat the notice of appeal as one taken from the subsequent judgment (*see* CPLR 5520 [c]; *Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988, 988). Plaintiffs commenced this action seeking damages for injuries sustained by Betty R. Kuhns (plaintiff) while she was a patient on the cardiac care unit at defendant hospital. They presented proof at trial that plaintiff's feet were burned as a result of defendant hospital's attempt to warm plaintiff's feet with warm boots, while defendants presented proof that plaintiff's feet were injured as a result of contact dermatitis or diabetic ulcers. The sole contention of plaintiffs on appeal is that Supreme Court erred in denying their request to charge the doctrine of res ipsa loquitur and therefore erred in denying their motion to set aside the verdict. We agree. Where, as here, "the actual or specific cause of [plaintiff's injuries] is unknown, under the doctrine of res ipsa loquitur a jury may in certain circumstances infer negligence merely from the happening of an event and the defendant[s']

relation to it" (*Kambat v St. Francis Hosp.*, 89 NY2d 489, 494). Upon the retrial, the court should charge the jury that, if it finds that plaintiff's injuries resulted from external burns as alleged by plaintiffs, the jury may infer, pursuant to the doctrine of res ipsa loquitur, that defendant hospital was negligent. Present—Pine, J.P., Wisner, Kehoe, Gorski and Lawton, JJ.