■ STEPHEN J. COWLEY et al., Appellants, v WALAYAT KAHN, M.D., Respondent. [748 NYS2d 81] —Appeal from a judgment (denominated order) of Supreme Court, Livingston County (Alonzo, J.), entered January 5, 2001, which denied plaintiffs' motion to set aside the jury verdict and directed that judgment be entered in favor of defendant.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: In this medical malpractice action, plaintiffs appeal from an order denying their motion pursuant to CPLR 4404 (a) seeking to set aside the jury verdict of no cause for ac-

tion as contrary to the weight of the evidence and directing entry of judgment in favor of defendant. The parties treat the appeal as from a final judgment, and in the exercise of our discretion we do likewise (*see Kuhns v Millard Fillmore Hosps.,* 296 AD2d 839; *Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988, 988; *see generally* CPLR 5520 [c]). Plaintiffs contend that Supreme Court erred in admitting testimony from a defense witness whose name was not revealed during jury selection and that the verdict is contrary to the weight of the evidence.

Contrary to plaintiffs' contention, reversal is not required based on the court's admission of the testimony of the previously undisclosed defense witness (*cf. Sheppard v Blitman / Atlas Bldg. Corp.,* 288 AD2d 33, 35; *Rivera v City of New York,* 253 AD2d 597, 601; *Stevens v Brown,* 249 AD2d 909, 910; *Malcolm v Darling,* 233 AD2d 425, 426). There is no indication that the witness had any prohibited acquaintance with or relationship to a juror, and plaintiffs otherwise sustained no prejudice as a result of the court's ruling.

Contrary to plaintiffs' further contention, the evidence does not so preponderate in favor of plaintiffs that the verdict could not have been reached upon any fair interpretation of the evidence (*see Lolik v Big V Supermarkets,* 86 NY2d 744, 746; *Paterson v Ellis,* 284 AD2d 981; *Cardin v Christie,* 283 AD2d 978; *Dannick v County of Onondaga,* 191 AD2d 963, 964). Thus, the court properly denied plaintiffs' motion to set aside the verdict as contrary to the weight of the evidence (*see* CPLR 4404 [a]). Present—Pigott, Jr., P.J., Green, Hayes, Kehoe and Gorski, JJ.