(October 7, 2002)

■ A.S.L. ENTERPRISES, INC., et al., Respondents, v VENUS LABORATORIES, INC., et al., Appellants. [751 NYS2d 206] —In an action, inter alia, to recover damages for breach of contract, the defendants appeal from (1) an order of the Supreme Court, Nassau County (O'Connell, J.), dated July 11, 2001, which, after a jury verdict in favor of the plaintiffs and against them, denied their application to set off against the judgment to be entered in this action two judgments which the defendant Venus Laboratories, Inc., holds on assignment, and granted the plaintiffs' application for an award of an attorney's fee in the sum of $60,000, and (2) a judgment of the same court, entered August 2, 2001, which, upon the denial of their motion pursuant to CPLR 4401 for judgment as a matter of law and a jury verdict, is in favor of the plaintiffs and against them, in the principal sum of $120,838 plus interest from May 31, 1989, and an attorney's fee.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On May 18, 1988, the plaintiff A.S.L. Enterprises, Inc. (hereinafter ASL), and its sole stockholder, the plaintiff Victor Winik, entered into an agreement (hereinafter the Agreement), with the defendant Venus Laboratories, Inc. (hereinafter Venus). Under the Agreement, Venus agreed to purchase all of the assets of Bixon Chemical Co., a division of ASL, and to assume certain liabilities, including ASL's lease. At the same time, Venus entered into an employment contract with Winik hiring him at an annual salary of $100,000.

Venus paid $50,000 upon execution of the Agreement. According to the Agreement, all adjustments to the purchase price were to be finalized on or before May 31, 1989. The Agreement also provided that upon the happening of certain events, including the voluntary or involuntary termination of Winik's employment, the balance of the purchase price would become

due. The defendant E. Van Vlahakis guaranteed payment of this balance. In the event that any of the terms of the Agreement had to be enforced through litigation, the Agreement provided for an attorney's fee to the prevailing party.

Venus unilaterally reduced Winik's salary, and, in April 1989, Winik's employment was terminated. The plaintiffs commenced this action, inter alia, to recover the balance of the purchase price, as well as damages for breach of Winik's employment contract. The trial court directed a verdict in Winik's favor for his cause of action under the employment contract, awarding him the sum of $19,200, and, following the jury's verdict, directed the defendants to pay to the plaintiffs the balance of the purchase price due and owing, determined to be $101,638. Thereafter, the trial court awarded the plaintiffs an attorney's fee in the sum of $60,000, and denied the defendants' application to set off the judgment entered against them with two other judgments Venus had acquired in connection with unrelated lawsuits under the lease.

The trial court correctly held that the inventory documents proffered by the defendants were not admissible pursuant to the business records exception to the hearsay rule. The defendants failed to lay a proper foundation for their admission (*see Northeast Caissons v Columbus Constr. Corp.,* 268 AD2d 512; *Colonno v Executive I Assoc.,* 228 AD2d 859, 861; *Insurance Co. of N. Am. v Gottlieb,* 186 AD2d 470, 471).

The defendants contend that the trial court erred in denying their motion pursuant to CPLR 4401 for judgment as a matter of law, to dismiss the cause of action to recover damages for breach of the Agreement. They argue that only Winik was entitled to payment of the balance of the purchase price under the Agreement, yet, only ASL sought recovery of this balance in the verified complaint. This argument is devoid of merit. The Agreement entitled ASL to payment of the purchase price. Moreover, Winik incorporated by reference in the complaint the claims asserted by ASL. These included recovery of the balance of the purchase price.

The trial court's award of an attorney's fee in the sum of $60,000 was a provident exercise of its discretion. The plaintiffs retained their attorney on a one-third contingency basis. Under the circumstances of this case, the award of this attorney's fee was reasonable (*see Matter of Pekofsky v Estate of Cohen,* 259 AD2d 702; *Lake Steel Erection v Imperial Linen Supply Co.,* 60 AD2d 994, 995).

The defendants' remaining contentions are without merit. S. Miller, J.P., Crane, Cozier and Rivera, JJ., concur.