■ Micha Lader, Respondent, v Mark F. Sherman et al., Appellants. [872 NYS2d 178]—

In an action to recover damages for medical malpractice, the defendants appeal from an order of the Supreme Court, Queens County (Satterfield, J.), dated August 3, 2007, which granted the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the jury verdict as against the weight of the evidence and for a new trial.

Ordered that the order is affirmed, with costs.

A jury verdict should not be set aside as against the weight of the evidence unless the verdict could not have been reached upon any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *Nicastro v Park*, 113 AD2d 129 [1985]). Here, the jury's finding that the defendant Mark F. Sherman departed from accepted medical practice in performing surgery on the plaintiff's left leg, but that the departure was not a proximate cause of the plaintiff's injuries, was against the weight of the evidence since the issues are so inextricably interwoven as to make it logically impossible to find a departure without also finding proximate cause (*see Rodriguez v Elmont School Dist.*, 37 AD3d 448 [2007]; *Garrett v Manaser*, 8 AD3d 616 [2004]; *Misa v Filancia*, 2 AD3d 810 [2003]).

The defendants' remaining contention is without merit. Spolzino, J.P., Covello, Balkin and Belen, JJ., concur.