■ STATE OF NEW YORK, Respondent, v LVF REALTY CO., INC., et al., Respondents-Appellants, and SUNOCO, INC. (R&M), Appellant-Respondent. [873 NYS2d 664]—

In an action, inter alia, to recover damages resulting from the discharge of petroleum pursuant to article 12 of the Navigation Law, the defendant Sunoco, Inc. (R&M), appeals (1), as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (LaMarca, J.), entered June 22, 2007, as, upon so much of a jury verdict as assessed a penalty pursuant to Navigation Law § 192 in favor of the plaintiff and against it in the principal sum of $6,000,000, and upon an order of the same court dated June 5, 2007, denying its motion pursuant to CPLR 4404 (a) to set aside so much of the jury verdict as assessed the penalty against it and for judgment as a matter of law, or alternatively, to reduce the amount of the penalty as excessive, or alternatively, to set aside that portion of the jury verdict as against the weight of the evidence and for a new trial with respect to the penalty, is in favor of the plaintiff and against it in the principal sum of $6,000,000, and (2) from a supplement to the judgment entered February 1, 2008, and the defendants LVF Realty Co., Inc., and Sun Super Service Centers, Inc., cross-appeal, as limited by their brief, from stated portions of the judgment which, inter alia, upon so much of the jury verdict as

assessed penalties pursuant to Navigation Law § 192 in favor of the plaintiff and against them in the principal sums of $250,000 and $75,000, upon the denial of their motion pursuant to CPLR 4404 (a) to set aside so much of the verdict as assessed the penalties against them as excessive or against the weight of the evidence and for a new trial with respect to the penalties, and upon so much of an order of the same court dated March 27, 2007, as denied that branch of the motion by LVF Realty Co., Inc., which was for an award of an attorney's fee against the defendant Sunoco, Inc. (R&M), is in favor of the plaintiff and against them in the principal sums of $250,000 and $75,000, and the defendant LVF Realty Co., Inc., also cross-appeals, as limited by the brief, from stated portions of the supplement to the judgment which, inter alia, is in favor of the defendant Sunoco, Inc. (R&M), and against it, dismissing its cross claims for full indemnification and contribution.

Ordered that the appeal by the defendant Sunoco, Inc. (R&M), from the supplement to the judgment is dismissed as abandoned (*see* 22 NYCRR 670.8 [e] [1]); and it is further,

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the supplement to the judgment is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs payable by the defendants appearing separately and filing separate briefs.

From 1941 to 1985 the defendant Sunoco, Inc. (R&M) (hereinafter Sunoco), owned property located in Inwood (hereinafter the site) upon which a gasoline station was operated. In June 1980 the defendant Sun Super Service Centers, Inc. (hereinafter Sun Super), became a tenant at the site and agreed to operate the site as a Sunoco-brand gasoline station. On or about December 29, 1983 Sunoco installed four underground fiberglass gasoline storage tanks. In 1984 Sunoco removed two steel storage tanks and abandoned two steel tanks in place. On August 20, 1985 the defendant LVF Realty Co., Inc. (hereinafter LVF), purchased the site from Sunoco and subsequently, pursuant to a separate agreement, purchased the underground storage system, identified as the four fiberglass tanks. Sunoco continued to supply gasoline to the station and own the gasoline dispensers on the site. In November 1992 LVF was renovating the gasoline station and, during the excavation, four underground steel tanks were discovered and removed. Subsequently, the State Department of Environmental Conservation (hereinafter the DEC) received an anonymous tip that contaminated soil was being

removed from the site. Upon investigation, the State determined that the soil around the steel tanks was heavily contaminated and subsequently discovered additional petroleum product discharges emanating from the vicinity of the fiberglass tanks. From 1993 to 1999 the State submitted several requests to the defendants directing them to assume responsibility for a full investigation of the contamination. Since none of the defendants fully responded to the State's demands for an investigation of the source or extent of the contamination, the New York Environmental Protection and Spill Fund paid for the necessary investigation of the site and incurred costs in the sum of $66,120.95. The State commenced this action to recover costs incurred for the investigation, remediation, and cleanup of contamination pursuant to Navigation Law § 181 and to impose statutory penalties against the defendants pursuant to Navigation Law § 192.

In an order dated August 9, 2006 the Supreme Court, inter alia, granted the State's motion for summary judgment on the causes of action against LVF and Sun Super alleging that these entities were strictly liable as dischargers for the State's cleanup and removal costs under article 12 of the Navigation Law. The Supreme Court held that the State was entitled to the sum of $64,818.60 plus pre-judgment interest on those causes of action. Subsequently, a jury trial was held to determine, among other things, the defendants' respective responsibilities for the discharges of petroleum products at the site and the amount of penalties to be assessed against them. The defendants entered into a stipulation at trial (hereinafter the stipulation), which was included in the charge to the jury, providing, in relevant part, the following: ''[I]f Sunoco is held to be 100 percent responsible for the oil discharge, LVF and Sun Super are entitled to recover direct and indirect costs, including attorney's fees of this action. If LVF or Sun Super are in any part at fault with respect to the oil discharge they are not entitled to recover directly costs including attorney's fees of this action.''

On November 30, 2006 the jury returned a verdict concluding, inter alia, that Sunoco was responsible for 80% of the State's cleanup and removal costs, LVF was responsible for 15%, and Sun Super was responsible for 5%. Additionally, the jury assessed penalties in favor of the State and against Sunoco, LVF, and Sun Super in the principal sums of $6,000,000, $250,000, and $75,000, respectively, for their failure to ''investigate, contain and/or cleanup'' the discharges. The court denied the motion of LVF and Sun Super pursuant to CPLR 4404 (a) to set aside so much of the jury verdict as assessed the penalties

against them as excessive or against the weight of the evidence and for a new trial with respect to the penalties. In an order dated June 5, 2007, the court also denied Sunoco's motion pursuant to CPLR 4404 (a) to set aside so much of the verdict as assessed the penalty against it and for judgment as a matter of law, or alternatively, to reduce the penalty as excessive, or alternatively, to set aside that portion of the verdict as against the weight of the evidence and for a new trial with respect to the penalty.

In an order dated March 27, 2007 the Supreme Court denied that branch of LVF's motion which was for an award of an attorney's fee against Sunoco because, inter alia, the jury did not find LVF to be without fault under the Navigation Law. Thereafter, judgment was entered on June 22, 2007 which, among other things, is in favor of the State and against the defendants in the principal sums of the penalties. A supplement to the judgment was entered on February 1, 2008 which, among other things, dismisses LVF's cross claims for full indemnification and contribution against Sunoco.

Contrary to Sunoco's contentions, the penalty imposed against it pursuant to Navigation Law § 192 is supported by legally sufficient evidence. To determine, as a matter of law, that a jury verdict is not supported by legally sufficient evidence, there must be no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury on the basis of the evidence presented at trial (*see Mazzella v Capobianco*, 27 AD3d 532 [2006]; *Leha v Yonkers Gen. Hosp.*, 22 AD3d 809, 811 [2005]). In this regard, the State presented ample evidence of Sunoco's failure to investigate and clean up the contamination despite being aware of the contamination emanating from the vicinity of the former location of the steel tanks, which had been abandoned by Sunoco. Moreover, without any testing in the former location of these steel tanks, Sunoco summarily informed the State that the contamination on site was not caused by its prior use of the site.

Additionally, the State presented expert testimony that Sunoco was responsible for contamination arising from the former steel tank bed, as well as expert testimony that residual petroleum products had been improperly left in the steel tanks when they had been abandoned in place by Sunoco. The State's expert witness further testified that releases from the former steel tank bed had caused extensive contamination to the soil. In sum, the record fully supports the jury's determination of the amount of the penalty imposed against Sunoco given the

seriousness of its repeated and continuing violations of its obligations under the Navigation Law occurring over several years. Further, it should be noted that Sunoco and the State stipulated that any penalty, if applicable, would not accrue until December 17, 1999, three years prior to the commencement of this action. Sunoco failed to investigate, contain, and/or clean up the contamination from December 1999 to the date of trial in November 2006. This constituted a continuing violation for which Navigation Law § 192 authorizes the jury to consider a penalty of up to $25,000 per day and, thus, the $6,000,000 penalty was well within the bounds set by the statute.

Similarly, the penalties imposed against LVF and Sun Super also were justified and not excessive based upon the evidence of their inaction and failure to respond to numerous requests from the DEC to investigate and/or remediate the site despite their knowledge of discharges from the areas of the steel and fiberglass tanks (*see State of New York v Super Value*, 257 AD2d 708 [1999]).

As the Supreme Court properly determined in denying LVF's motion for an award of an attorney's fee against Sunoco, the jury's findings, the stipulation, and the Navigation Law, preclude LVF from recovering direct and indirect costs, including an attorney's fee from Sunoco. The stipulation precluded recovery "if LVF *or* Sun Super are in any part at fault with respect to the oil discharge" (emphasis added). Although the jury did not find LVF at fault for causing or contributing to the oil spills from either the steel or fiberglass tanks, the jury determined that LVF was at fault for the failure to investigate and clean up the oil discharge. In this regard, the jury properly assessed a penalty in the principal sum of $250,000 against LVF, found that LVF was 15% responsible for the State's cleanup and removal costs, and determined that LVF should pay 100% of its own cleanup costs. Moreover, the jury's finding that Sun Super caused or contributed to the oil spill from the vicinity of the fiberglass tanks is another basis to reject LVF's claim for an attorney's fee.

The parties' remaining contentions are either unpreserved for appellate review or without merit. Skelos, J.P., Santucci, McCarthy and Dickerson, JJ., concur. [*See* 16 Misc 3d 1112(A), 2007 NY Slip Op 51398(U).]