■ JOHNNY'S PLUMBING & HEATING, INC., Appellant, v GARSON BROTHERS CONSTRUCTION, LLC, et al., Respondents. [880 NYS2d 160]—In an action, inter alia, to recover damages for breach of contract and to enforce a mechanic's lien, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Murphy, J.), entered November 16, 2006, which upon a special jury verdict, dismissed the complaint, discharged the plaintiff's mechanic's lien, and is in favor of the defendants and against them in the principal sum of $67,500 on the counterclaim to recover damages for breach of contract.

Ordered that the judgment is affirmed, with costs.

The evidence was legally sufficient to support the jury verdict in favor of the defendants with respect to the complaint and with respect to their counterclaim for damages for breach of contract. "To determine, as a matter of law, that a jury verdict is not supported by legally sufficient evidence, there must be no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury on the basis of the evidence presented at trial" (*State of New York v LVF Realty Co., Inc.*, 59 AD3d 519, 522 [2009]). A rational person could have found, as the jury did here, that the contract documents dated May 23, 2003, included a price cap that was exceeded and as a result the defendants sustained damages in the sum of $67,500.

Furthermore, "[a] jury verdict should not be set aside as against the weight of the evidence unless the verdict could not have been reached upon any fair interpretation of the evidence" (*Lader v Sherman*, 58 AD3d 809, 809 [2009]). Contrary to the plaintiff's contention, the evidence at trial did not so preponderate in its favor as to find that the jury could not have reached its verdict to award judgment in favor of the defendants with respect to the complaint and with respect to their counterclaim for breach of contract on any fair interpretation of the evidence (*see Ahr v Karolewski*, 48 AD3d 719 [2008]). The jury was free to accept or reject some or all of the parties' testimony and weigh any conflicting inferences (*see generally People v Donovan*, 58 AD3d 640 [2009]; *Willinger v City of New Rochelle*, 212 AD2d 526 [1995]).

In light of this determination, the mechanic's lien filed by the plaintiff was properly discharged. Dillon, J.P., Florio, Balkin and Austin, JJ., concur.