■ YELLOW BOOK OF NEW YORK, L.P., Respondent-Appellant, v JAMES CATALDO, Also Known as JIMMY CATALDO, et al., Appellants-Respondents. [917 NYS2d 215]—

In an action, inter alia, to recover damages for breach of contract, the defendant James Cataldo, also known as Jimmy Cataldo, appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Woodard, J.), entered March 31, 2009, as, upon a jury verdict awarding the plaintiff damages for breach of contract, is in favor of the plaintiff and against him in the principal sum of $18,827.29, the defendant Bellmore Equipment, Inc., appeals from the same judgment, and the plaintiff cross-appeals from so much of the same judgment as, upon the denial of its motion, in effect, for judgment as a matter of law on the cause of action for an attorney's fee, and for an award of prejudgment interest at a rate of 18% from February 28, 2001, failed to award it an attorney's fee and fixed prejudgment interest at a rate of only 5% from December 6, 2006.

Ordered that the appeal by the defendant Bellmore Equipment, Inc., is dismissed as abandoned (*see* 22 NYCRR 670.8 [c], [e]), and on the additional ground that it is not aggrieved by the judgment appealed from (*see* CPLR 5511); and it is further,

Ordered that the judgment is affirmed insofar as appealed from by the defendant James Cataldo, also known as Jimmy Cataldo; and it is further,

Ordered that the judgment is reversed insofar as cross-appealed from, on the law, the plaintiff's motion, in effect, for

judgment as a matter of law on the cause of action for an attorney's fee, and for an award of prejudgment interest at a rate of 18% from February 28, 2001, is granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an amended judgment directing that prejudgment interest on the principal sum of $18,827.29 run from February 28, 2001, at a rate of 18%, and awarding an attorney's fee in the sum of $6,275.14; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The defendant James Cataldo, also known as Jimmy Cataldo, the president of the corporate defendant, Bellmore Equipment, Inc., signed certain advertising contracts with the plaintiff in 1997, 1998, 1999, and 2000. When Cataldo failed to pay for the advertisements prepared by the plaintiff, the plaintiff commenced this action alleging breach of contract, as well as for an attorney's fee pursuant to the terms of the contracts. A jury found that Cataldo had signed each contract at issue, and further found that Cataldo owed the principal sum of $18,827.29. The plaintiff's counsel then moved, in effect, for judgment as a matter of law on the cause of action for an attorney's fee, and for an award of prejudgment interest at a rate of 18% from February 28, 2001, the date of the plaintiff's demand for payment. The Supreme Court declined to award an attorney's fee, and awarded prejudgment interest at a rate of only 5% from December 6, 2006. Both Cataldo and the plaintiff appeal.

Cataldo's contention that the Supreme Court erred in denying his request to exclude a witness from the courtroom is without merit. The record supports the Supreme Court's determination that the witness at issue was employed by the plaintiff's successor-in-interest and was, therefore, a party representative. As such, and in the absence of extenuating circumstances, the witness was entitled to remain in the courtroom throughout the trial (see Auger v State of New York, 263 AD2d 929, 932 [1999]; Liquori v Barrow, 160 AD2d 843, 844 [1990]; Carlisle v County of Nassau, 64 AD2d 15, 18 [1978]). Further, Cataldo failed to establish that he suffered any prejudice due to the continued presence of the witness (see People v Scheck, 24 AD3d 574 [2005]).

Additionally, Cataldo contends that the plaintiff's documents should not have been admitted into evidence pursuant to the business records exception to the hearsay rule because the plaintiff's witness was employed by the plaintiff's successor-in-interest and because she lacked personal knowledge of the information contained in the documents. As the witness at issue was fully familiar with the plaintiff's record-keeping procedures

and practices, this contention is without merit (*see* CPLR 4518 [a]; *General Bank v Mark II Imports*, 290 AD2d 240, 241 [2002]). Cataldo's remaining contentions regarding the court's evidentiary rulings are unpreserved for appellate review.

Contrary to Cataldo's contention, the evidence was legally sufficient to support the jury verdict in favor of the plaintiff (*see Johnny's Plumbing & Heating, Inc. v Garson Bros. Constr., LLC*, 63 AD3d 689 [2009]; *Korn v First Unum Life Ins. Co.*, 57 AD3d 948, 949 [2008]). Additionally, "the verdict was supported by a fair interpretation of the evidence" (*Korn v First Unum Life Ins. Co.*, 57 AD3d at 949; *see Johnny's Plumbing & Heating, Inc. v Garson Bros. Constr., LLC*, 63 AD3d at 689).

As to the plaintiff's cross appeal, the Supreme Court should have awarded the plaintiff an attorney's fee pursuant to the terms of the contracts. The contracts between the parties clearly state in bold print that "[i]n the event of non-payment and referral to an attorney or collection agency, the [defendant] shall be liable for and pay all [the plaintiff's] costs including but not limited to court costs and reasonable collection or attorney's fees equal to 33$\frac{1}{3}$% of the amount of the claim." The Supreme Court's sua sponte determination that the attorney's fee provision was a contract of adhesion is not supported by the record (*see Matter of Love'M Sheltering, Inc. v County of Suffolk*, 33 AD3d 923, 924 [2006]; *Orix Credit Alliance v Grace Indus.*, 261 AD2d 521 [1999]). Moreover, in light of the tasks performed by the plaintiff's counsel prior to and over the course of a trial that lasted multiple days, the plaintiff's request for an attorney's fee in the sum of $6,275.14 was reasonable (*see TAG 380, LLC v ComMet 380, Inc.*, 10 NY3d 507, 515-516 [2008]; *Lake Steel Erection v Imperial Linen Supply Co.*, 60 AD2d 994, 995 [1978]). As "this Court's discretionary authority to award an attorney's fee is as broad as that of the trial court" (*Diaz v Audi of Am., Inc.*, 57 AD3d 828, 830 [2008]), we find that the plaintiff is entitled to an attorney's fee in that amount.

Finally, we agree with the plaintiff's contention that interest should have been awarded at a rate of 18%. The contracts expressly state that "the failure by [the defendant] to make any monthly payment within 30 days of this date said payment is due, shall constitute a default and all balances due from [the defendant] including this yearly contract amount, shall forthwith become due and payable together with finance charges of 1$\frac{1}{2}$% per month (18% per annum) on unpaid balances or at such other rate required by applicable law." The Supreme Court's determination to instead fix the interest rate at 5% has no support in the record (*see Schwall v Bergstol*, 97 AD2d 540, 540-

541 [1983]; *Astoria Fed. Sav. & Loan Assn. v Rambalakos*, 49 AD2d 715, 716 [1975]). Additionally, the Supreme Court should have calculated interest from February 28, 2001, "the date of the plaintiff's demand as established by the testimony at trial" (*Romito v Panzarino*, 11 AD3d 444 [2004]; *see Atlas Refrigeration-Air Conditioning, Inc. v Lo Pinto*, 33 AD3d 639, 640 [2006]). Covello, J.P., Dickerson, Hall and Lott, JJ., concur.

Cross motion by the respondent-appellant, on an appeal and cross appeal from a judgment of the Supreme Court, Nassau County, entered March 31, 2009, inter alia, to dismiss the appeal by Bellmore Equipment, Inc., on the ground that Bellmore Equipment, Inc., is not represented by an attorney as required by CPLR 321 (a). By decision and order on motion of this Court dated March 10, 2010, that branch of the cross motion which was to dismiss the appeal by Bellmore Equipment, Inc., on the ground that it is not represented by an attorney as required by CPLR 321 (a) was held in abeyance and referred to the panel of Justices hearing the appeal and cross appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the cross motion, the papers filed in opposition or relation thereto, and upon the argument of the appeal and cross appeal, it is

Ordered that the branch of the cross motion which was to dismiss the appeal by Bellmore Equipment, Inc., on the ground that it is not represented by an attorney as required by CPLR 321 (a) is denied as academic. Covello, J.P., Dickerson, Hall and Lott, JJ., concur.