# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**716**
**CA 10-02280**
PRESENT: CENTRA, J.P., FAHEY, SCONIERS, AND GREEN, JJ.

---

WILLIAM G. SWAVELY, AS EXECUTOR OF THE ESTATE
OF LORRAINE M. SWAVELY, DECEASED,
PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

ZHANDONG ZHOU, M.D., AND CARDIAC SURGERY
ASSOCIATES OF CNY, P.C., DEFENDANTS-RESPONDENTS.

---

ROBERT E. LAHM, PLLC, SYRACUSE (ROBERT E. LAHM OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

MARTIN, GANOTIS, BROWN, MOULD & CURRIE, P.C., DEWITT (GEORGE F. MOULD
OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

--------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Onondaga County
(James P. Murphy, J.), entered August 25, 2010 in a medical
malpractice action. The judgment dismissed the complaint upon a jury
verdict of no cause of action.

It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law without costs, the post-trial motion
is granted, the verdict is set aside, the complaint is reinstated and
a new trial is granted.

Memorandum: Plaintiff, as executor of the estate of his mother
(decedent), appeals from an order in this medical malpractice action
denying his motion pursuant to CPLR 4404 (a) seeking to set aside the
jury verdict as inconsistent and against the weight of the evidence.
Decedent died after the right ventricle of her heart was lacerated
during a pericardial window procedure (hereafter, surgery) performed
by Zhandong Zhou, M.D. (defendant). The jury determined that
defendant was negligent but that his negligence was not a substantial
factor in causing decedent's death. We note at the outset that the
order was subsumed in the final judgment, from which no appeal was
taken. In the exercise of our discretion, however, we treat the
notice of appeal as valid and deem the appeal as taken from the
judgment (*see Cowley v Kahn*, 298 AD2d 917; *Hughes v Nussbaumer, Clarke
& Velzy*, 140 AD2d 988; *see also* CPLR 5520 [c]).

Turning to the merits, we conclude that Supreme Court erred in
denying plaintiff's motion. According to plaintiff, defendant was
negligent in performing the surgery inasmuch as he "tore the
decedent's right ventricle[,] leading to massive bleeding, cardiac

arrest and anoxic brain damage." Plaintiff presented expert testimony to support that allegation, and defendant countered with contrary expert testimony. In finding that defendant was negligent, the jury presumably credited the testimony of plaintiff's expert on that issue and, here, "the issues of negligence and proximate cause were so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Rubin v Pecoraro*, 141 AD2d 525, 527). We therefore conclude that the verdict could not have been reached upon any fair interpretation of the evidence because defendant's negligence necessarily contributed to the death of decedent (*see Ahr v Karolewski*, 32 AD3d 805, 806-807; *see also Brenon v Tops Mkts*. [appeal No. 2], 289 AD2d 1034, *lv denied* 98 NY2d 605). Although one of plaintiff's expert witnesses testified concerning several distinct acts performed or omitted by defendant during the surgery, plaintiff established a single instance of malpractice, i.e., the negligent performance of the surgery, during which defendant punctured decedent's heart and thereby caused her death. Thus, "[t]he jury's findings that the defendant . . . departed from accepted medical practice in performing surgery on [decedent], but that the departure was not a proximate cause of [decedent's death], was against the weight of the evidence since the issues are so inextricably interwoven as to make it logically impossible to find a departure without also finding proximate cause" (*Lader v Sherman*, 58 AD3d 809, 809; *see Calderon v Irani*, 296 AD2d 778, 778-779).

Entered:  July 8, 2011                          Patricia L. Morgan
                                                Clerk of the Court