# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**653**

**CA 12-02356**

PRESENT: CENTRA, J.P., FAHEY, CARNI, AND SCONIERS, JJ.

---

EVELYN M. GRAY, PLAINTIFF-APPELLANT,

V                                             MEMORANDUM AND ORDER

ASTON B. WILLIAMS, M.D., DEFENDANT-RESPONDENT.

---

HAGELIN KENT LLC, BUFFALO (MICHAEL T. HAGELIN OF COUNSEL), FOR PLAINTIFF-APPELLANT.

CONNORS & VILARDO, LLP, BUFFALO (JOHN T. LOSS OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (John M. Curran, J.), entered July 30, 2012. The judgment, insofar as appealed from, granted that part of the motion of defendant for summary judgment dismissing plaintiff's third cause of action.

It is hereby ORDERED that the judgment insofar as appealed from is unanimously reversed on the law without costs, that part of defendant's motion for summary judgment seeking dismissal of the third cause of action is denied and that cause of action is reinstated.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained as a result of a colonoscopy performed by defendant, during which the rectosigmoid junction of plaintiff's colon was perforated. The perforation was not immediately noticed, and plaintiff underwent emergency surgery the next day to rectify the resulting medical problems. Plaintiff subsequently asserted three causes of action, for negligent performance of the colonoscopy, negligent post-procedure care, and lack of informed consent. Defendant moved for summary judgment dismissing the complaint, and Supreme Court granted that part of the motion with respect to the cause of action for lack of informed consent. Following a trial on the remaining causes of action, a jury found no negligence on the part of defendant.

As a preliminary matter, we note that the order from which plaintiff appeals was subsumed in the final judgment, from which no appeal was taken. In the exercise of our discretion we treat the notice of appeal as valid and deem the appeal as taken from the judgment (*see Cowley v Kahn*, 298 AD2d 917, 918; *Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988, 988; *see also* CPLR 5520 [c]).

We agree with plaintiff that the court erred in granting that

part of defendant's motion for summary judgment dismissing the cause of action for lack of informed consent.  "To succeed in a medical malpractice cause of action premised on lack of informed consent, a plaintiff must demonstrate that (1) the practitioner failed to disclose the risks, benefits and alternatives to the procedure or treatment that a reasonable practitioner would have disclosed and (2) a reasonable person in the plaintiff's position, fully informed, would have elected not to undergo the procedure or treatment" (*Orphan v Pilnik*, 15 NY3d 907, 908; *see* Public Health Law § 2805-d [1], [3]).  We conclude that defendant met his initial burden of establishing his entitlement to judgment as a matter of law by submitting deposition testimony, medical records, and an expert report, which demonstrated that he informed plaintiff of the risks associated with the procedure, as well as plaintiff's signed written consent form, which confirmed her understanding of those risks (*see* Public Health Law § 2805-d [1]; *Lynn G. v Hugo*, 96 NY2d 306, 309).  We reject plaintiff's contention that defendant's submissions in support of his motion were based solely upon habit evidence (*see generally Rivera v Anilesh*, 8 NY3d 627, 633-635).  Contrary to plaintiff's further contention, we conclude that defendant's submissions were sufficient to establish his entitlement to summary judgment inasmuch as they address each factual allegation contained in plaintiff's bill of particulars (*cf. Payne v Buffalo Gen. Hosp.* [appeal No. 1], 96 AD3d 1628, 1630).

We agree with plaintiff, however, that the court erred in concluding that she failed to raise a triable issue of fact on the ground that she did not submit an expert's affidavit establishing that a reasonably prudent person in her position would have declined the procedure planned and performed by defendant had she received a qualitatively sufficient explanation of its risks.  Contrary to the court's conclusion, expert testimony concerning what a reasonable person would have done in plaintiff's position is not necessary to maintain a cause of action premised upon lack of informed consent (*see Hugh v Ofodile*, 87 AD3d 508, 509; *Andersen v Delaney*, 269 AD2d 193, 193; *see generally* Public Health Law § 2805-d [3]).  Here, we conclude that plaintiff's affidavit addressing that element was sufficient to raise a triable issue of fact (*see James v Greenberg*, 57 AD3d 849, 850).  We further conclude that the affidavit of plaintiff's expert was sufficient to raise a triable issue of fact with respect to the qualitative insufficiency of the consent (*see Johnson v Jacobowitz*, 65 AD3d 610, 613-614, *lv denied* 14 NY3d 710; *cf. Evans v Holleran*, 198 AD2d 472, 474).  We therefore reverse the judgment insofar as appealed from and deny defendant's motion to the extent it seeks summary judgment dismissing the cause of action for lack of informed consent.

Finally, plaintiff's contention that the dismissal of the cause of action for lack of informed consent materially prejudiced her ability to try the remaining causes of action is not properly before this Court inasmuch as she limited her notice of appeal to issues related to the cause of action for lack of informed consent (*see State Farm Mut. Auto. Ins. Cos. v Jaenecke*, 81 AD3d 1474, 1474-1475, *lv denied* 17 NY3d 701).  In any event, plaintiff failed to provide a transcript of the trial, thus rendering the record insufficient for this Court to determine that issue on the merits (*see generally Mergl*

*v Mergl*, 19 AD3d 1146, 1147).