Fineberg v Anain (2021 NY Slip Op 04439)





Fineberg v Anain


2021 NY Slip Op 04439


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


357 CA 20-01011

[*1]LESLIE J. FINEBERG, PLAINTIFF-RESPONDENT,
v
SHIRLEY A. ANAIN, M.D., DEFENDANT-APPELLANT. 






CONNORS LLP, BUFFALO (MICHAEL J. ROACH OF COUNSEL), FOR DEFENDANT-APPELLANT. 
FREID & KLAWON, WILLIAMSVILLE (ASHLEY C. GLOSSER OF COUNSEL), FOR PLAINTIFF-RESPONDENT.


 Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered March 3, 2020. The order denied in part defendant's motion seeking summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this medical malpractice action seeking damages for injuries she allegedly sustained as a result of surgery performed by defendant. Immediately after the surgery, plaintiff experienced pain, numbness and tingling in her left leg, and she was subsequently diagnosed with a permanent nerve injury. Defendant now appeals from an order denying in part her motion for summary judgment dismissing the complaint. We affirm.
Defendant contends that Supreme Court erred in denying that part of her motion seeking summary judgment dismissing the cause of action for lack of informed consent. We reject that contention. It is well settled that, in order to prevail in a medical malpractice cause of action premised on lack of informed consent, a plaintiff must establish that " '(1) the practitioner failed to disclose the risks, benefits and alternatives to the procedure or treatment that a reasonable practitioner would have disclosed and (2) a reasonable person in the plaintiff's position, fully informed, would have elected not to undergo the procedure or treatment' " (Thompson v Hall, 191 AD3d 1265, 1266 [4th Dept 2021], quoting Orphan v Pilnik, 15 NY3d 907, 908 [2010]; see Public Health Law § 2805-d [1], [3]). Here, in the complaint plaintiff alleges that, prior to the surgery, defendant failed to advise her of the possible risks and dangers, including the possibility of permanent injury, and that plaintiff would not have consented to the surgery if defendant had advised her of the possible risks and dangers. Defendant therefore was required to establish on her motion that, prior to the procedure, she had advised plaintiff of the reasonably foreseeable risks of the proposed procedure (see Tirado v Koritz, 156 AD3d 1342, 1344 [4th Dept 2017]; Gray v Williams, 108 AD3d 1085, 1086 [4th Dept 2013]). We conclude that defendant failed to meet that burden.
Here, in support of her motion defendant submitted her own affidavit, her deposition testimony, and her certified office records for plaintiff, all of which included statements that, prior to the surgery, defendant discussed the consent forms with plaintiff, she explained the known risks associated with the particular surgery, and that plaintiff signed a preoperative consent form "confirming that she understood the risks of the procedure and consent[ing] to the surgery." Nevertheless, the preoperative consent form that was included in defendant's office records for plaintiff is neither signed nor initialed by plaintiff. Although a signed consent form "is not necessarily required where the [defendant] providing the treatment in a medical malpractice action submits testimonial evidence that the [defendant] obtained the patient's verbal [*2]consent to perform the procedure" (Hope A.L. v Unity Hosp. of Rochester, 173 AD3d 1713, 1715 [4th Dept 2019]), defendant stated in her affidavit, testified at her deposition, and noted in her office record for plaintiff that she had obtained plaintiff's written consent. Thus, in light of the discrepancy between the documentary evidence and defendant's statements in her affidavit and deposition testimony, defendant's own submissions in support of the motion raise a triable issue of fact whether she obtained plaintiff's informed consent (cf. Gray, 108 AD3d at 1086; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Moreover, even if defendant's submissions are sufficient to meet her initial burden on the motion, we conclude that plaintiff raised questions of fact by submitting her deposition testimony that she did not sign a consent form and that she was not informed that permanent nerve damage was a possible risk of her surgery. Plaintiff's testimony, which is consistent with the unsigned consent form that was submitted by defendant in support of the motion, is sufficient to raise a triable issue of fact (see Mattison v OrthopedicsNY, LLP, 189 AD3d 2025, 2029-2030 [3d Dept 2020]; see generally Gray, 108 AD3d at 1087).
We have considered defendant's remaining contentions and conclude that none warrants modification or reversal of the order.
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court