Thomas v Eckhert (2024 NY Slip Op 03963)

Thomas v Eckhert

2024 NY Slip Op 03963

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, GREENWOOD, AND KEANE, JJ.

435 CA 23-00701

[*1]ERNEST F. THOMAS, PLAINTIFF-RESPONDENT,
v
KENNETH J. ECKHERT, III, M.D., F.A.C.S., AND SOUTH TOWNS SURGICAL ASSOCIATES, P.C., DEFENDANTS-APPELLANTS. 

GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (MELISSA L. ZITTEL OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
LAW OFFICE OF J. MICHAEL HAYES, BUFFALO (DEANNA D. RUSSELL OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Henry J. Nowak, J.), entered April 10, 2023. The order denied the motion of defendants for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained as a result of a laparoscopic ventral hernia repair performed by Kenneth J. Eckhert, III, M.D., F.A.C.S. (defendant), during which, according to plaintiff, his bowel was perforated, resulting in the need for corrective surgery. Plaintiff asserted causes of action for medical malpractice and lack of informed consent. Defendants now appeal from an order denying their motion for summary judgment dismissing the complaint. We affirm.
Initially, we note that defendants' contention on appeal that plaintiff improperly raised a new theory of recovery in opposition to defendants' motion is not properly before this Court inasmuch as that issue was not preserved for our review (see generally Walker v Caruana, 175 AD3d 1807, 1807 [4th Dept 2019]).
We reject defendants' contention that Supreme Court erred in denying that part of their motion with respect to the cause of action for lack of informed consent. "To succeed in a medical malpractice cause of action premised on lack of informed consent, a plaintiff must demonstrate that (1) the practitioner failed to disclose the risks, benefits and alternatives to the procedure or treatment that a reasonable practitioner would have disclosed and (2) a reasonable person in the plaintiff's position, fully informed, would have elected not to undergo the procedure or treatment" (Orphan v Pilnik, 15 NY3d 907, 908 [2010]; see Public Health Law § 2805-d [1], [3]). Here, in opposition to the motion, plaintiff submitted the affirmation of an expert gastrointestinal surgeon, who averred that an open procedure would have been more appropriate in plaintiff's situation because, based on plaintiff's surgical history, it should have been expected that plaintiff had abdominal adhesions, making a laparoscopic procedure more challenging. Additionally, plaintiff testified at his deposition that defendant never informed him of alternatives to the laparoscopic procedure and that plaintiff was not aware of any at the time that he agreed to have the surgery. Thus, even assuming, arguendo, that defendants met their initial burden on the motion (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]), we conclude that plaintiff raised issues of fact whether he was fully informed and whether he would have opted for surgery had he been fully informed (see generally Gray v Williams, 108 AD3d 1085, 1086-1087 [4th Dept 2013]).
We also reject defendants' contention that the court erred in denying that part of their motion with respect to plaintiff's medical malpractice cause of action. As movants, defendants "ha[d] the burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (Bubar v Brodman, 177 AD3d 1358, 1359 [4th Dept 2019]). In order to meet that burden, they were required to provide " 'factual proof, generally consisting of affidavits, deposition testimony and medical records' " (Groff v Kaleida Health, 161 AD3d 1518, 1520 [4th Dept 2018]; see Cole v Champlain Val. Physicians' Hosp. Med. Ctr., 116 AD3d 1283, 1285 [3d Dept 2014]).
By addressing and rejecting each of plaintiff's claims through the submission of their expert's affirmation, defendants met their initial burden with respect to the alleged deviations from the accepted standard of medical care, and the burden thus " 'shift[ed] to . . . plaintiff to demonstrate the existence of a triable issue of fact . . . as to the elements on which . . . defendant[s] met the prima facie burden' " (Bubar, 177 AD3d at 1359). In opposition, however, plaintiff submitted the affirmation of his expert surgeon and the affirmation of an expert pathologist, both of which "squarely oppose[d]" the affirmation of defendants' expert, resulting in "a classic battle of the experts that [was] properly left to a jury for resolution" (Nowelle B. v Hamilton Med., Inc., 177 AD3d 1256, 1258 [4th Dept 2019]).
We have reviewed defendants' remaining contention and conclude that it does not warrant reversal or modification of the order.
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court